Opinion by
 

 Baldrige, J.,
 

 The defendant was tried in the court below upon an indictment containing four counts. We are here concerned with the fourth only, which charges private selling of lottery tickets.
 

 The defendant filed a motion at the end of the taking of the testimony, requesting the court to direct a verdict for him on all counts; this was refused. The court instructed the jury, however, that there was insufficient evidence to support the first three counts and submitted for their consideration the fourth count. The jury found the defendant guilty.
 

 The appellant complains of a number of procedural matters. We need not discuss them, other than to say ■that we are not impressed that they possess merit, for in our judgment the evidence adduced by the Commonwealth was insufficient to warrant his conviction. The judgment must be reversed for that reason.
 

 The Commonwealth, through Corporal DeWitt a
 
 *557
 
 Pennsylvania Motor policeman, explained to the jury the manner lotteries are operated and the methods employed by those engaged in selling lottery tickets. Other officers testified that this defendant was seen going into several business places located on Wood Street in the borough of California on February 27, 1940 about 10:45 a.m. When he came out of a hardware store two officers placed him under arrest and immediately searched him. They found in his sweater pocket $19 in bills, in his pants pocket $5.96 in change, and in his shirt pocket a lead pencil. Certainly there is nothing incriminating in simply entering stores in the middle of the morning, possessing a lead pencil, carrying change in one pocket, and a moderate amount of bills in another.
 

 The Commonwealth places special emphasis on a slip of paper found in one of his pockets on which a list of numbers was written in lead pencil, which, it is argued, strongly indicates that he was engaged in selling lottery tickets, although there was not found on him the so called numbers book minutely described by Corporal DeWitt, which seems to be especially made for use by those engaged in selling lottery tickets or in the numbers racket. This ordinary slip of paper had no resemblance to such a book and was not particularly associated with the lottery business other than the numbers written thereon. Some of the numbers were repeated and other figures set down, which indicated, so DeWitt testified, that the numbers were being played for different
 
 amounts;
 
 some for two or five or ten cents. Other numbers were “boxed” which seems to denote that they are played in different combinations.
 

 This defendant admitted, according to the testimony of the county detective, when asked about this slip of paper that he was
 
 playing
 
 not selling the numbers written thereon. In other words he was a purchaser. The Act of June 24, .1939, P. L. 872, §602, 18 PS §4602, under which the indictment was drawn, expressly pro
 
 *558
 
 vides that a purchaser of such a lottery ticket is not liable to any prosecution or penalty.
 

 The difficulty that confronts the Commonwealth is that while the defendant’s possession of this slip of paper may be considered a suspicious circumstance it was not inconsistent with his innocence. There was no testimony that anyone saw him soliciting, privately selling, or exposing to sale any lottery tickets, policies, or certificates. If he had been engaged in this alleged illegal conduct in stores during business hours it would seem that in such circumstances the Commonwealth, upon whom the burden rests to show defendant’s guilt, could have produced someone who was approached by him or, at least, show some conduct of a convincing nature that he committed the crime with which he was charged.
 

 The evidence against him, being entirely circumstantial, should have been of such a character as would have reasonably and naturally justified an inference of his guilt, and been of such quantity and quality as to overcome the presumption of innocence and show defendant’s guilt beyond a reasonable doubt:
 
 Commonwealth v. Marino et al.,
 
 142 Pa. Superior Ct. 327, 16 A. 2d 314. The testimony of the Commonwealth fell short of this requirement. The proof in this case was not one bit stronger than in
 
 Commonwealth v. Rosen,
 
 141 Pa. Superior Ct. 272, 14 A. 2d 833. We held there that the testimony against that defendant, while tending to show his guilt, fell short of the necessary degree of proof to sustain a conviction as it was not inconsistent with his innocence.
 

 All the members of this court are of the opinion that the evidence was insufficient to warrant the conviction of the defendant.
 

 Judgment is reversed and defendant discharged.