## Commonwealth *v.* Mattera, Appellant.

Submitted December 14, 1942.

Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ.

*Michael S. Reps,* for appellant.

*William B. McClenachan, Jr.,* District Attorney, and *Joseph D. Calhoun,* Assistant District Attorney, for appellee.

OPINION BY KELLER, P. J., January 28, 1943:

This appeal was submitted on briefs without argument. The motion for a new trial was not argued in the court below, nor was any brief in support of it furnished that court. That fact does not bar an appeal to this court; but it is a circumstance not without significance.

Appellant was indicted, tried and convicted on charges of (1) setting up, and (2) being concerned in the conducting and carrying on, of a form of illegal lottery, known as the 'numbers game'. See *Com. v. Banks,* 98 Pa. Superior Ct. 432.

He bases his claim to a reversal of the judgment on our decisions in *Com. v. Saeli,* 146 Pa. Superior Ct. 555, 22 A. 2d 597, and *Com. v. Marino,* 142 Pa. Superior Ct. 327, 16 A. 2d 314. In the former case the defendant was convicted of *selling lottery tickets,* but his conviction was set aside by this court. The only incriminating evidence against the defendant in that case was a slip of paper with some numbers written on it, which was found on him. This might indicate that he was *playing* the game, that is, that he had *purchased* the 'numbers' written on the slip, but furnished no basis for a finding that he had *sold* the *numbers.* To buy a lottery ticket is not an offense under the Penal Code of 1939, P. L. 872.

In the present case, the three papers found on the defendant, or which he had dropped in an attempt to get rid of them, were the 'banker's' or 'backer's' slips or memoranda, which showed the 'sales' turned in to the manager or proprietor of the illegal lottery by his 'writers', and would not have been in the possession of a mere purchaser of the numbers. The evidence was not overly strong but we are not convinced that it was not sufficient to support the verdict. The defendant did not take the stand and explain his possession of the slips. This was his privilege, and no reference was, or could be, made to his not testifying as a witness. But it is not possible to gauge the effect such a course may have on the jury. The evidence necessary to secure a conviction for conducting a lottery or selling tickets, does not have to be as full or comprehensive as for maintaining a gambling house: *Com. v. Zotter,* 131 Pa. Superior Ct. 296, 298, 200 A. 264.

In the Marino case, no numbers slips were found on that defendant. They were found under the seat of an automobile driven by a co-defendant, Mongo, who was also convicted, but did not appeal. Marino had been riding in the automobile with Mongo for only a few blocks.

We find no error in the action of the court in permitting a Pennsylvania Motor Policeman to testify as to the operation of the 'numbers game' and the 'slips' used to indicate a 'sale', one of which is delivered by the 'writer' or 'salesman'—each of whom has a code number—to the 'banker'. See *Com. v. Chirico,* 117 Pa. Superior Ct. 199, 177 A. 591; *Com. v. Saeli,* supra; and *Com. v. Townsend,* 149 Pa. Superior Ct. 337, 27 A. 2d 462, and cases cited therein. Nor did the court err in permitting the district attorney to cross-examine the Commonwealth's witness, Vance Johnson, when he surprised the Commonwealth's officer by testifying contrary to his sworn statement. This testimony and the witness's statement were received in evidence, not as substantive evidence against the defendant, but were given to account for the Commonwealth's having called him and to discredit the surprise evidence of the witness: *Com. v. O'Donnell,* 81 Pa. Superior Ct. 89, 92.

The admission in evidence of the 'slips' found on the defendant or obviously dropped by him, was not error: *Com. v. Stanley,* 19 Pa. Superior Ct. 58, 68-9; *Com. v. Murphy,* 92 Pa. Superior Ct. 139, 142, 143.

The assignments of error are overruled. The judgment is affirmed; and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be committed by that court until such time as he has performed the sentence imposed on him, or such part thereof as had not been performed when the appeal was made a supersedeas.