Commonwealth *v.* Wade, Appellant.

Argued September 25, 1944. Before KELLER, P. J., BALDRIGE, RHODES, HIRT, RENO and JAMES, JJ.

*E. Arnold Forrest,* for appellant.

*David E. Groshens,* Assistant District Attorney, with him *Frederick B. Smillie,* District Attorney, for appellee.

OPINION BY KELLER, P. J., October 27, 1944:

The indictment on which the defendant was tried contained five counts. Nos. 1 and 2 charged him with erecting, setting up, etc., a certain illegal lottery in the County of Montgomery. Nos. 3 and 4 charged him with being concerned in said county in the managing, conducting and carrying on of a certain illegal lottery. And No. 5 charged him with selling, exposing to sale and causing to be sold in said county certain lottery tickets. The jury acquitted him on counts 1, 2 and 5, and found him guilty on counts 3 and 4. He was sentenced on each of those two counts, the sentences, being identical, to run *concurrently. He took but one appeal.* The appeal might have been quashed, unless the appellant elected which judgment it should apply to. The question before us on appeal is whether the evidence was sufficient to take counts 3 and 4 to the jury.

It is a matter of no importance, in our opinion, how

the defendant came to be arrested. The evidence shows that when he was arrested the officers found in his coat pocket a package containing 162 play numbers, indicating by their form and content that he was a 'writer' of a 'numbers' game or lottery. See *Com. v. Banks,* 98 Pa. Superior Ct. 432. And upon searching the automobile which he had been driving, unaccompanied, a book for 695 'plays' was found above the sun visor of the car, and on the floor back of the front seat six boxes containing 2000 empty envelopes, of the kind used to put 'numbers slips' in, and two bundles of envelopes containing a slip ticket (Ex. C-4) in each of them,—396 tickets in all—and some old or used strips of tickets, all being identified by a state policeman, familiar with the numbers game and similar lotteries, as being used in carrying on or conducting them. The book contained a record of 695 'numbers' transactions, giving each number involved and the amount wagered upon it, distinguishing them from the slips or tickets given the customers or purchasers in such lotteries.

The officer who arrested defendant and who appeared at the hearing before the committing 'squire', testified in court that at the hearing the justice asked him—the witness—how many envelopes containing tickets were in the two bundles found in the defendant's car, to which he replied that he had not counted them; whereupon the defendant volunteered the statement that there were 198 in each bundle, which proved to be correct—thus showing defendant's familiarity and connection with them.

While the evidence was scarcely sufficient to support a verdict convicting the defendant of erecting, setting up and conducting a lottery within the county (counts 1 and 2), and there was no proof of an actual sale or offer to sell lottery tickets within the county (count 5) —and the jury properly and conscientiously returned a verdict of 'not guilty' as to those counts,—we agree

with the learned court below that the evidence, showing his possession within the county—where he resided —of a large quantity of paraphernalia appropriate for, and of use only in, the conduct or carrying on of a 'numbers' lottery, some of which related to lotteries occurring on a prior date and some to be used in the future, was sufficient to sustain his conviction on the counts charging him with being concerned in the carrying on of such a lottery, and it was wholly unnecessary to show the exact manner or extent of his relation to such carrying on.

The case bears no likeness, in its facts, to the case of *Com. v. Marino,* 142 Pa. Superior Ct. 327, 16 A. 2d 314, or to *Com. v. Saeli,* 146 Pa. Superior Ct. 555, 22 A. 2d 597; and the evidence is much stronger than that in *Com. v. Mattera,* 151 Pa. Superior Ct. 135, 30 A. 2d 168, where we sustained a conviction.

Jurors have a right to use their common sense, acquired in the ordinary affairs of every day life, and, using it in considering the evidence in the case, to determine that a man having in his possession great quantities of material and paraphernalia used for carrying on a numbers lottery, and useful for no other purpose, is concerned, then and there, in its carrying on, whatever may be his exact relationship to it.

There was no inconsistency in the verdict, but as Mr. Justice Holmes said in *Dunn v. United States,* 284 U. S. 390, 393, referring to verdicts in criminal cases, "Consistency in the verdict is not necessary." To the same effect see *Com. v. Kline,* 107 Pa. Superior Ct. 594, 164 A. 124; *Com. v. Brown,* 264 Pa. 85, 93, 107 A. 676.

The assignments of error are overruled, and the judgment is affirmed; and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time his appeal was made a supersedeas.