Commonwealth *v.* Moore, Appellant.

Argued September 27, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*Martin Vinikoor,* with him *Vinikoor & Criden,* for appellant.

*Christopher F. Edley,* Assistant District Attorney, with him *Victor Wright,* Assistant District Attorney, *Vincent G. Panati,* First Assistant District Attorney, and *Samuel Dash,* District Attorney, for appellee.

OPINION BY GUNTHER, J., November 16, 1955:

This is an appeal from the judgment of sentence of the Quarter Sessions Court of Philadelphia County.

The defendant was arrested and charged with setting up and maintaining an illegal lottery. He was tried before Judge BOK without a jury under Section 601 of the Penal Code of 1939, which provides:

". . . Whoever, either publicly or privately, erects, sets up, opens, makes, or draws any lottery, or is in any way concerned in the managing, conducting or carrying on the same, is guilty of a misdemeanor . . ." He was found guilty. Motions for a new trial and in arrest of judgment were dismissed by the court below, and this appeal was taken.

The evidence produced by the Commonwealth was that Patrolman James Burns, in company with two other officers, overheard defendant accept over the telephone a lead bet on the number seven for the rest of the week for a dollar. The defendant then hung up the telephone. On another telephone call, the police testified to the following conversation, where the defendant is reputed to have said, "You want 110 for two and a half," and "After 1:30, I am going to fold up." When the officer entered the premises after the above conversations, the defendant ran to the bathroom and flushed something down the commode. Some pieces of literature, such as flash paper and number guides, usually relating to lotteries, were about the premises.

Appellant contends that the evidence was of insufficient nature and quality to warrant a conviction. The defendant did not take the witness stand.

The question to be considered is what kind or what volume of evidence is necessary to secure a conviction for lottery? In *Commonwealth v. Mattera,* 151 Pa. Superior Ct. 135, 30 A. 2d 168, President Judge KELLER held that evidence necessary to secure a conviction for conducting a lottery or selling tickets does not have to be as full or comprehensive as for maintaining a gambling house.

Usually lottery convictions are based on circumstantial evidence, such as finding a defendant with a quantity of paraphernalia used only for purpose of

illicit gambling. *Com. v. Oxman,* 173 Pa. Superior Ct. 482, 98 A. 2d 424; *Com. v. Wade,* 156 Pa. Superior Ct. 88, 39 A. 2d 460.

Mere presence, in a numbers headquarters also frequented by players does not support a conviction. Where, however, the defendant's guilt is based not only on circumstantial evidence, but also upon direct evidence of a policeman who heard the defendant accept plays over the telephone, the conviction must stand.

It is true that the paraphernalia introduced constituted mere circumstantial evidence, but the telephone conversations may be considered as direct evidence. The police officer testified that the conversations were of a nature normally used in and easily explainable in the conduct of a lottery.

It is also contended by defendant that the Commonwealth failed to sustain its burden of proof because the police officer, as an expert witness, did not testify as to the manner of operation of an illegal lottery. Under our decisions, it is unnecessary to explain all possible minute details of an illegal lottery operation. It was not necessary, as held by this Court, to describe or define all the different schemes that ingenuity might devise that are comprised within the term lottery. It is sufficient to explain that the evidence relating to the particular defendant is peculiar to a lottery, *Com. v. Mittelman,* 154 Pa. Superior Ct. 572, 36 A. 2d 860. The police officer gave specific explanation of the meaning of the defendant's words on the telephone. He testified that the words applied to a number writer and to the use of the paraphernalia in the room. The circumstantial, as well as the direct evidence, prove that the activities of defendant did indeed involve the operation of an illegal lottery.

In addition to the above factors and evidence, it is also permissible for the court below to attach signifi-

cance to the fact that the defendant failed to testify to explain the nature of his telephone conversation, or to call witnesses relative thereto.

The Judgment is affirmed, and it is ordered that appellant appear in the court below at such time as he may be there called, and that he be committed until he has complied with his sentence.