Commonwealth *v.* Gregory, Appellant.

Argued November 12, 1956. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*Joseph E. De Santis,* for appellant.

*Peter F. Cianci,* Assistant District Attorney, with him *Frederick O. Brubaker,* District Attorney, for appellee.

OPINION BY GUNTHER, J., December 28, 1956:

This is an appeal from the conviction and sentence for pool-selling and book-making and setting up and unlawfully managing a lottery in violation of the Penal Code of 1939, June 24, P.L. 872, sections 601 and 607, 18 P.S. sections 4601 and 4607.

On April 29, 1955, the county detectives of Berks County went to a cigar store at 255 North Third Street in the City of Reading, armed with a search warrant, and arrested appellant, Anthony Gregory, charging him with pool-selling, book-making and recording bets on horse races, setting up a lottery, unlawfully managing a lottery and selling of lottery tickets. On June 1, 1955, true bills were found and on June 16, 1955, appellant was tried and convicted on the charges set forth. At the conclusion of the Commonwealth's case, appellant demurred to the evidence. The court below overruled the demurrer and appellant then rested his case without taking the stand or presenting any evidence. A point for binding instructions was also refused. On June 23, 1955, motions for a new trial were filed, alleging that the Commonwealth had failed to produce sufficient competent evidence to establish a prima facie case or to sustain the verdicts of guilty on all the charges, and on January 26, 1956, the motions for a new trial were refused. On May 8, 1956, appellant was sentenced on bill of indictment No. 160 June Sessions, 1955, on pool-selling, book-making and recording bets on horse races to pay a fine of Five Hundred Dollars, costs of prosecution and undergo imprisonment in the Berks County Prison for a period of not less than sixty days, nor more than one year. On charges of setting up a lottery, unlawfully managing a lottery and selling of lottery tickets contained in indictment No. 160-a June Sessions, 1955, sentence was suspended.

On this appeal, the sole question raised is whether the Commonwealth produced sufficient evidence to make out a prima facie case to support the verdicts of the jury.

While the evidence in the instant case was not very strong, we are of the opinion that it was sufficient to

support the verdict of the jury. The evidence disclosed that appellant was "running the place" and that the mercantile license was issued in his name. The premises were occupied as a cigar store and consisted of three rooms, one behind the other. The first room was divided by a counter which ran from the front window to the rear wall. There was no entry in the front room to the back of the counter, and the only way to get behind the counter from the front room was to jump over it. Behind the storeroom was another room which had two doorways leading into it. One was on the public side of the storeroom and the other doorway was behind the counter. On the wall behind the counter was a bar and at the extreme end of this back bar, near the front window was a waste container which was underneath the back bar and not open to the public. As two of the county detectives entered the premises, appellant was standing in the doorway behind the counter, leading from the storeroom to the second room where four men were seated at a table. When the third detective entered the premises just seconds later, appellant was behind the counter, near the front window, leaning over with his arms in the waste container.

The evidence further disclosed that nine books were found behind the counter of the store. One of the county detectives, who qualified as an expert on gambling, testified that these books were the type used by numbers writers. A partially used book was also found in back of the counter. The pages in this book bore the book number 3093 and three pages from this book were found in the waste container over which appellant was found with his left arm in it. These pages each contained penciled notations which indicated plays on numbers and the amounts played on the various num-

bers. In addition, sixteen sheets of paper were also recovered from the waste container which contained penciled notations showing the track and the horse played, the amount played on each horse, and the identity of the player. The total of these slips amounted to $148.00. In the back room, an April 29, 1955 edition of the Morning Telegraph was found containing all race information on the different tracks for that day, together with a group of nine pink slips of paper with a lead pencil attached thereto. All the horses played on the confiscated slips were running on the different tracks as shown in the Morning Telegraph of that day.

Under these facts, we are of the opinion that the appellant should have come forward with a defense. While the quantity of the paraphernalia was not considerable, it was sufficient to indicate appellant was engaged in maintaining a book-making establishment. See *Commonwealth v. Stoe,* 167 Pa. Superior Ct. 300, 74 A. 2d 526; *Commonwealth v. Cese,* 176 Pa. Superior Ct. 650, 109 A. 2d 228. The reasonable inference of guilt must be based on facts and conditions proved and cannot rest solely on suspicion or surmise. The facts and circumstances, in order to warrant conviction, must be such as to establish the guilt of the defendant, not necessarily beyond moral certainty, nor as being absolutely incompatible with his innocence, but at least beyond a reasonable doubt. See *Commonwealth v. Bolger,* 182 Pa. Superior Ct. 309, 126 A. 2d 536; *Commonwealth v. Cese,* supra; *Commonwealth v. Lowry,* 374 Pa. 594, 98 A. 2d 733; *Commonwealth v. Bausewine,* 354 Pa. 35, 46 A. 2d 491. Here, the evidence clearly disclosed that the gambling paraphernalia was found on appellant's premises, under his control and supervision. Moreover, any attempts to secrete or destroy evidence supports a strong inference of guilt.

*Commonwealth v Fisher*, 166 Pa. Superior Ct. 245, 70 A. 2d 372; *Commonwealth v. Cese,* supra. We are, therefore, convinced that the evidence produced was sufficient to make out a prima facie case and to support the verdicts of the jury.

The judgment and sentence are affirmed, and it is ordered that the defendant appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with his sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.