Commonwealth *v.* Fisher, Appellant.

Argued March 21, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*James M. Potter*, with him *Liever, Hyman & Potter*, for appellant.

*Peter F. Cianci*, Assistant District Attorney, with him *Frederick O. Brubaker*, District Attorney, for Commonwealth, appellee.

OPINION BY RHODES, P. J., June 15, 1960:

This is an appeal by defendant from judgment of sentence after having been found guilty by a jury in the Court of Quarter Sessions of Berks County on a charge of unlawfully managing a lottery.[1]

At the trial defendant's demurrer to the Commonwealth's evidence was overruled and a point for bind-

---

[1] The Act of June 24, 1939, P. L. 872, §601, 18 PS §4601, provides in part: "Whoever, either publicly or privately, erects, sets up, opens, makes or draws any lottery, or is in any way concerned in the managing, conducting or carrying on the same, is guilty of a misdemeanor, . . ." Being "concerned in" the managing, conducting, or carrying on of the lottery has been defined to be "being substantially engaged in or taking part in." *Com. v. Polite*, 190 Pa. Superior Ct. 329, 333, 154 A. 2d 287.

ing instructions was refused. Defendant did not testify and he produced no evidence in his own behalf.

Defendant's motions for a new trial and in arrest of judgment were dismissed, and defendant was sentenced to pay a fine of $350, to pay the costs of prosecution, and to undergo imprisonment in the Berks County Prison for a term of not less than one month nor more than twelve months.

Defendant questions the sufficiency of the evidence to support the conviction. In the alternative he raises the question of his right to a new trial because of alleged trial errors. The evidence, considered in the light most favorable to the Commonwealth (*Com. v. Mitchell*, 181 Pa. Superior Ct. 225, 227, 124 A. 2d 407), shows the following:

On February 27, 1958, several members of the state police, armed with a search warrant, entered a private residence in Rehrersburg, Berks County, which was identified, without objection, as the premises of Harold F. Fisher, the defendant. Prior to entering, the police had the premises under surveillance from 10 a.m. to 7 p.m. on that day. During this time no one was observed entering or leaving the premises. There was no evidence to indicate that anyone was on the premises when the police entered. About 1:30 p.m., one Devlin Dormer, Jr., entered the driveway of said premises in an automobile, but he did not go into the house. Before he could leave Dormer was arrested by the officers.

The officers entered the house by way of an unlocked back door. On the kitchen table they found a paper bag containing fifty lottery tickets, including fifteen described as winners, and $46 in cash. A return sheet, containing the word "Harold" written in ink, was wrapped around the lottery tickets and the cash. The fifteen winning tickets were dated February 14-20, 1958, and February 7-13, 1958.

On March 4, 1958, the officers returned to the premises and met defendant in the driveway adjoining his home. Upon being served with a warrant, defendant requested that he be taken into his house to get something to eat, and to obtain some insulin. Thereafter defendant was taken to the state police barracks. During this time defendant, in a conversation with the police, stated that he became connected with selling these lottery tickets through his brother in Pine Grove.

Defendant's guilt may be established by circumstantial evidence in whole or in part. *Com. v. Lewis,* 190 Pa. Superior Ct. 591, 594, 155 A. 2d 410. It is sufficient that the evidence as a whole is of such volume and quality as to overcome the presumption of innocence and establish the guilt of the accused beyond a reasonable doubt. *Com. v. Cese,* 176 Pa. Superior Ct. 650, 655, 109 A. 2d 228; *Com. v. Gregory,* 183 Pa. Superior Ct. 53, 57, 127 A. 2d 788.

In the present case the evidence is sufficient to sustain the conviction. The identification of the house as defendant's residence is uncontradicted on the record. The evidence establishes that defendant had in his possession in his residence lottery tickets and slips indicating various winners and a return slip bearing his first name and some cash. Defendant admitted that his brother in Pine Grove set him up and started him in the lottery. Within the confines of his home were all the necessary paraphernalia indicating that defendant was specifically engaged in or taking part in an active lottery. "It is not necessary for conviction that there be evidence of the actual operation of the lottery. . . . It is sufficient if the defendant be found in possession of the paraphernalia necessary for operation; and when supplemented by defendant's admissions that he was concerned in its conduct or management, as a backer, the case was certainly for the jury."

*Com. v. Banks,* 98 Pa. Superior Ct. 432, 439. In *Com. v. Wade,* 156 Pa. Superior Ct. 88, 91, 39 A. 2d 460, 461, we said: "Jurors have a right to use their common sense, acquired in the ordinary affairs of every day life, and, using it in considering the evidence in the case, to determine that a man having in his possession great quantities of material and paraphernalia used for carrying on a numbers lottery, and useful for no other purpose, is concerned, then and there, in its carrying on, whatever may be his exact relationship to it."

From the evidence a jury could conclude beyond a reasonable doubt that defendant was guilty of managing a lottery. See *Com. v. Polite,* 190 Pa. Superior Ct. 329, 333, 154 A. 2d 287. There is no testimony that any other person used defendant's premises. The various exhibits were properly identified. The possession of the premises by defendant, under the circumstances, was sufficient to establish a connection between him and the contents of the bag found on the kitchen table in his home. Defendant's objection to the testimony of the witnesses of the Commonwealth is likewise without merit; the question was not raised on a motion for new trial. See *Com. v. Frangos,* 158 Pa. Superior Ct. 77, 80, 81, 43 A. 2d 627.

Judgment of sentence is affirmed, and it is ordered that defendant appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with his sentence or any part thereof which had not been performed at the time the appeal was made a supersedeas.