Commonwealth *v.* Graham et al., Appellants.

Argued March 21, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*James M. Potter,* with him *Liever, Hyman & Potter,* for appellant.

*Joseph E. DeSantis,* with him *McGavin, DeSantis & Koch,* for appellant.

*Peter F. Cianci,* Assistant District Attorney, with him *Frederick O. Brubaker,* District Attorney, for Commonwealth, appellee.

OPINION BY RHODES, P. J., June 15, 1960:

Defendants were found guilty by a jury in the Court of Quarter Sessions of Berks County on an indictment charging that they did "unlawfully erect, set up, open, make or draw a certain lottery commonly known as 'Number Game,' " and endorsed "setting up lottery." The indictment was drawn under section 601 of The Penal Code of June 24, 1939, P. L. 872, 18 PS §4601.

Defendants' motions for a new trial and in arrest of judgment were refused.

Each defendant was sentenced to pay a fine of $350 to the Commonwealth for the use of the County of Berks; to pay the costs of the prosecution, and to undergo an imprisonment in the Berks County Prison for a period of not less than three months nor more than one year.

These appeals are from the judgments of sentence.

The question presented is the sufficiency of the evidence to sustain the respective convictions.   Defendants did not testify and they presented no evidence in their defense.   The evidence establishes beyond a reasonable doubt the guilt of each defendant of setting up a lottery[1] and shows the following facts:

On May 15, 1958, about 2 p.m., four members of the state police, armed with a search warrant, entered the house of defendant Graham at 510 Maple Street, in the City of Reading.   Present in the house in addition to

---

[1] A defendant's guilt may be established by circumstantial evidence.  *Com. v. Fisher,* 192 Pa. Superior Ct. 288, 161 A. 2d 903.

Graham were defendant Swierczewski, who was sitting near the kitchen table, and Graham's wife, who was lying on a sofa.

The officers, upon entering the house, took from Graham's hand an adding machine tape upon which notations were written. This tape corresponded with a tape in the possession of Swierczewski which bore the date May 15. Swierczewski was told to place the contents of his pockets upon the table. His shirt pockets contained two ball point pens and the aforesaid adding machine tape. His left trouser pocket contained a roll of money totaling $398. He told one of the officers that $160 was his own personal money which he intended to use to purchase a power lawn mower, and that the rest of the money was numbers money. The officer returned the $160 to Swierczewski. A kitchen china closet revealed two bank type envelopes containing $51.52 in currency, $36 in bills, and $15.52 in change. The police discovered also a pack of books consisting of yellow slips, carbon slips, and white slips with the same serial numbers. Slips of paper identified as carbon copies of the contents of the paper bag were found in the kitchen, some of which had the year included as part of the date. A spiral notebook containing symbols, amounts, and dates, but not the years, was in a kitchen cabinet drawer. Testimony was presented indicating that these days and months corresponded to the year 1957. The cabinet also contained a bundle of bank type envelopes. A three by five-inch notebook was found on a television stand, which contained days, months, initials, and numbers, i.e., 5/15, 50 A, 499-40-60. Testimony indicated that these months and days corresponded with the year 1958. Also found on the television set and on the telephone stand were several blank white pads. The basement contained five large cartons of books similar to those found in the

kitchen china closet, as well as three boxes of coin wrappers. An adding machine and tapes were found in the kitchen. A waste can contained adding machine tapes which corresponded with other tapes and one of the notebooks. Notations on certain pads found in the Graham house indicated the date of May 15, 1958.

Officer Berardi, who had considerable experience in the investigation of numbers cases, testified that the notebooks contained a record of the amounts collected by the various number writers and the amount which they turned into headquarters.[2] He stated that the figures on the slips found in the paper bag in the kitchen corresponded with the figures in one of the books, and the slips found in the closet were the carbons of the slips in the bag. The pads found in the basement and closet were those used in gambling and also were similar to the slips found in the bag. The tape taken from Graham had symbols which referred to a writer or agent; and information on the various tapes corresponded with some of the notations on the books found. It was testified that the adding machine tape held by Graham contained totals and figures corresponding to similar figures in the notebooks; that the torn surfaces of the tapes showed that those held by Graham and Swierczewski were torn from a common piece; and that the portion of the tape held by Swierczewski bore the date of the raid, May 15, 1958.

It was clearly established that Graham had in his possession on his person and in his residence records and paraphernalia which were used in the conduct of a lottery and for recording the sales of numbers by numbers writers. This evidence is more than sufficient

---

[2] For instance, "A-15, 17.35, 12.15" meant that on Thursday, May 15, 1958, the date of the raid, writer A had collected $17.35, and as shown in another column turned in 70 per cent of the amount collected, or $12.15.

to permit a jury to conclude beyond a reasonable doubt that the defendant Graham was guilty as charged. *Com. v. Gregory,* 183 Pa. Superior Ct. 53, 57, 127 A. 2d 788.

The defendant Swierczewski was found sitting in the kitchen of Graham's house amid office equipment of an active lottery and possessed in his pocket a considerable sum of money which he admitted to be the product of the operation of the lottery. He had an adding machine tape which corresponded with the tape held by Graham and with the other evidence of numbers plays. While the mere presence of Swierczewski, in what was a numbers headquarters, may not be sufficient to support a conviction of setting up and maintaining a lottery, the possession of an adding machine tape related to other paraphernalia used in carrying on a numbers game together with a sum of money which he admitted was numbers money is sufficient to allow a jury to conclude beyond a reasonable doubt that his participation in the lottery exceeded that of a mere player or writer. *Com. v. Moore,* 180 Pa. Superior Ct. 538, 541, 118 A. 2d 212.

Defendants were shown to be in possession of all the paraphernalia necessary for the setting up and operation of a numbers lottery which included adding machine, tapes, notebooks, large quantities of pads, bank notes, coin wrappers, and money. Furthermore, notations on the pads, books, papers, and tapes which were seized showed the lottery to have been in active operation on the date of the raid and prior thereto. Cf. *Com. v. Polite,* 190 Pa. Superior Ct. 329, 154 A. 2d 287. See *Com. v. Wade,* 156 Pa. Superior Ct. 88, 39 A. 2d 460; *Com. v. Adams,* 174 Pa. Superior Ct. 504, 102 A. 2d 202. Defendants' guilt flows from the facts and circumstances proved, and is consistent with all of them. See *Com. v. Evans,* 190 Pa. Superior Ct. 179, 202, 154 A. 2d 57.

The judgments of sentence are affirmed, and it is ordered that defendants appear in the court below at such time as they may be there called, and that they be by that court committed until they have complied with their sentences or any part thereof which had not been performed at the time the appeals were made a supersedeas.