## 2917 M & S Corporation License

*Samuel Moonblatt*, for appellant.

*Harry Checchio*, for appellee.

GRIFFITHS, J., September 30, 1965.—This matter comes before the court on an appeal by the 2917 M & S Corporation, 2917 West Cambria Street, Philadelphia, Pa., from an order of the Pennsylvania Liquor Control Board (hereinafter referred to as "board") suspending its restaurant liquor license for a period of 15 days.

In that the case was submitted to us on the record, we must decide this appeal on the testimony presented at the hearing before the board on February 20, 1964. The board found as a fact that appellant-licensee, by its servants, agents or employes, maintained gambling devices on the licensed premises. At the said hearing before the board, police officer Ricardo Maddella testified that pursuant to a search warrant signed by Magistrate Clark, they searched the licensee's premises on June 25, 1963. This officer further testified that the search was for a period of approximately one and one-half hours, at which time the only evidence of violation of any law was three numbers slips on the person of one Maurice S. Simpson, admittedly an officer and director of appellant corporation. Finally, on direct examination, Officer Maddella stated that as a result of finding the said numbers slips on Simpson's person, he arrested him (Simpson) for setting up or maintaining an illegal lottery, as defined by the Act of June 24, 1939, P. L. 872, sec. 601, 18 PS §4601, which, in part, is as follows:

". . . Whoever, either publicly or privately, erects, sets up, opens, makes or draws any lottery, or is any way concerned in the managing, conducting or carrying on the same, is guilty of a misdemeanor. . . ."

It is apparent that it must be proven that the accused is connected with the management of a lottery to be guilty of the offense or, as in the instant case, a *writer* as distinguished from a *player:* Commonwealth v. Saeli, 146 Pa. Superior Ct. 555 (1941), cited with approval in Commonwealth v. Polite, 190 Pa. Superior Ct. 329, 334 (1959).

Officer Maddella nowhere in his testimony stated that it was his opinion that the slips of paper in question were those of a writer rather than a player, and, on crossexamination, appeared to be somewhat vague as to whether the evidence in question was that normally used by a writer rather than a player.

The examiner questioned whether the evidence was indicative of appellant's having set up or maintained an illegal lottery, or engaged in pool selling and/or book making: Act of June 24, 1939, P. L. 872, sec. 607, 18 PS §4607. His decision, that appellant maintained gambling devices on the licensed premises, which is included under poolselling and bookmaking, rather than the section on illegal lotteries, was incorrect, as the "numbers game" has always been considered a lottery: Commonwealth v. Howard, 157 Pa. Superior Ct. 336 (1945) ; Commonwealth v. Mattera, 151 Pa. Superior Ct. 135 (1943). Thus, it appears that the evidence adduced at the hearing before the board was insufficient as a matter of law to sustain a charge of "setting up or maintaining a lottery and/or maintaining gambling devices with respect to a charge under bookmaking".

It is well settled that in an appeal such as the instant one, where the court takes no further testimony, the only question before us is whether the board abused its discretion: Club Oasis, Inc. Liquor License Case, 200 Pa. Superior Ct. 439, 445 (1963), and numerous authorities cited therein. However, the findings of fact by the board must be established by a preponderance

of the evidence before it: Moravian Bar, Inc. Liquor License Case, 200 Pa. Superior Ct. 231 (1963) ; Summit Hill Rod and Gun Club Liquor License Case, 184 Pa. Superior Ct. 584 (1957).

After carefully perusing the testimony presented to the board, we find there was insufficient evidence presented to it to substantiate its findings, and that, consequently, it abused its discretion in suspending appellant's license.

Wherefore, we enter the following

ORDER

And now, to wit, September 30, 1965, the order of the liquor control board is reversed, and the appeal of 2917 M & S Corporation is sustained.