Commonwealth *v.* Alexander, Appellant.

112

Submitted December 2, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*William K. Sayer, Elaine DeMasse,* and *John W. Packel,* Assistant Defenders, and *Vincent J. Ziccardi,* Defender, for appellant.

Neil Kitrosser, Mark Sendrow, and Steven H. Gold-blatt, Assistant District Attorneys, Abraham J. Gafni, Deputy District Attorney, Richard A. Sprague, First Assistant District Attorney, and F. Emmett Fitzpatrick, District Attorney, for Commonwealth, appellee.

OPINION BY PRICE, J., October 28, 1975:

Appellant was charged with the crime of aggravated assault.[1] He was tried before the Honorable Edward B. ROSENBERG, sitting without a jury, and was found guilty on May 6, 1974. Following the denial of appellant's post-trial motions, he was sentenced to nine to twenty-three months in the county prison. Appellant contends that the evidence was insufficient to sustain the conviction. We find no merit to this contention and will, therefore, affirm.

It is fundamental that in reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the Commonwealth, and give the Commonwealth the benefit of all reasonable inferences arising therefrom. Commonwealth v. McFadden, 448 Pa. 146, 292 A.2d 358 (1972) ; Commonwealth v. Minor, 227 Pa. Superior Ct. 343, 322 A.2d 717 (1974). When we so view the evidence, we find it more than sufficient to sustain the conviction.

Briefly stated, the facts reveal that on March 6, 1974, appellant struck, with his closed fist, Herbert Rosenzweig on the head. Although Rosenzweig did not lose consciousness, he was knocked to the ground and stunned. The type of blow which appellant admittedly delivered to the victim would probably best be described as a "sucker punch" since the victim neither expected it nor saw it being delivered. The blow blackened both of Rosenzweig's eyes, fractured his nose, and required stitches to close the other wounds on his face. The victim was treated at the

---

1. Act of Dec. 6, 1972, P.L. 1482, No. 334, §1 (18 Pa.C.S. §2702(a)(1)).

emergency ward of a hospital and released. A taxi cab driver parked nearby witnessed the attack and testified that appellant walked up to Rosenzweig, struck him, and then walked away. The cab driver began to chase appellant on foot. A police officer joined the chase and eventually apprehended appellant.

A person is guilty of the crime of aggravated assault if he:

"(1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life." Act of Dec. 6, 1972, P.L. 1482, No. 334, §1 (18 Pa.C.S. §2702(a)(1)).

In addition, "serious bodily injury" is defined as:

"[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." Act of Dec. 6, 1972, P.L. 1482, No. 334, §1 (18 Pa.C.S. §2301).

To sustain the conviction we must, therefore, first determine if serious bodily injury occurred, and secondly, determine if appellant intended that result or acted so recklessly as to satisfy the requirements of the statute.

There can be no doubt that such head injuries as the victim here sustained constitute serious bodily injury. As Judge ROSENBERG ably noted in his opinion:

"Whether a punch in the nose is an aggravated assault appears to be a question of first impression which can be easily answered. An unprovoked blow deliberately delivered at close range with such force to the head that a fracture of a bone results, clearly evidences a lack of regard for the value of human life. Further, it is well known that any blow to the head may result in grave injuries. The head is recognized as the center and situs from which such functions as thought, intellect, memory, understanding and control originate

and are controlled. It contains the body's most vital organs such as the brain, eyes, nose and mouth. It is considered as the most vital of all parts of the body for it is the depository of the body's control. Injury or harm to the head can destroy or immobilize the entire body reducing the most healthy human to a mere vegetable. A blow delivered to the head always runs the risk of creating serious harm to the effectiveness of the body. When delivered with such force and power at close range as to fracture the nose it is fortunate that total incapacity has not resulted. It is not necessary to show that serious bodily injury resulted, but that defendant attempted this objective. These premises have led this Court to conclude that, under these circumstances and conditions, Steve Alexander evidenced extreme indifference to the value of human life when he at such close range and with such force deliberately struck Herbert Rosenzweig in his face, breaking his nose."

The fact that the victim was not forced to spend an extended stay in the hospital does not mitigate the seriousness of the injuries. Also, it does not require elaborate reasoning to recognize that the injuries involved herein caused a protracted loss or impairment of the function of a bodily member or organ.

Appellant contends that he did not intend to cause such serious injury to the victim. However, the requirements of the statute are satisfied where, as in this case, the appellant causes serious bodily injury under circumstances manifesting an extreme indifference to the value of human life. Here the victim suffered a broken nose, two black eyes, and other wounds to the head requiring stitches. In addition, the method of appellant's attack on the victim further reveals extreme indifference to the value of human life. This attack, albeit a single punch, was of sufficient force to cause extensive and serious injuries to a very vital part of the human body. We are

unimpressed by the fact that the appellant testified that he just meant to hit the victim and that if he had wanted to kill, he could probably have beaten the victim to death.

The judgment of sentence is affirmed.

----

DISSENTING OPINION BY SPAETH, J. :

The question presented by this appeal is whether the evidence was sufficient to sustain appellant's conviction for aggravated assault. The majority holds that it was, and finds that the statutory requirements of "serious bodily injury" and intentional or reckless action have been met. I disagree and respectfully dissent. In my view, the Commonwealth did not produce evidence sufficient to establish either the requisite intent or the occurrence of serious bodily injury. I reach this conclusion both from my examination of the trial record and from the legislature's differentiation of assault crimes in the Pennsylvania Crimes Code, Act of Dec. 6, 1972, effective June 6, 1973, P.L. 1482, No. 334, 18 Pa.C.S. §101 et seq.

The Crimes Code defines several assault offenses, three of which are relevant to this case: harassment, simple assault, and aggravated assault.[1] A person is guilty of harassment if, "with intent to harass, annoy, or alarm another person: (1) he strikes, shoves, kicks, or otherwise subjects him to physical contact, or attempts or threatens to do the same . . ." 18 Pa. C.S. §2709. Harassment is a summary offense and therefore the maximum punishment is 90 days and $300 fine. 18 Pa. C.S. §§1101 and 1105. A person is guilty of simple assault if he "attempts to cause or intentionally, knowingly or recklessly causes *bodily injury* to another. . . ." (Emphasis added). 18 Pa. C.S. §2701 (a) (1). "[B]odily injury" is defined as "impairment of physical condition or substantial pain." 18 Pa. C.S. §2301. "Simple assault is a mis-

----

1. In what follows, only the pertinent parts of the definitions of these crimes are quoted.

demeanor of the second degree unless committed in a fight or scuffle entered into by mutual consent, in which case it is a misdemeanor of the third degree." 18 Pa. C.S. §2701(b). Therefore, if there is not such a fight or scuffle the maximum penalty is two years imprisonment and a $5,000 fine. 18 Pa. C.S. §§1101(4) and 1104(2). A person is guilty of aggravated assault if he "attempts to cause *serious bodily injury* to another, or causes such injury intentionally, knowingly, or recklessly under circumstances manifesting extreme indifference to the value of human life. . . ." (Emphasis added). 18 Pa. C.S. §2702 (a)(1). "[S]erious bodily injury" is defined as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa. C.S. §2301. Aggravated assault (as so defined) is a felony of the second degree and therefore the maximum punishment is 10 years imprisonment and a $25,000 fine. 18 Pa. C.S. §§1101(1) and 1103(2).

The legislature has thus differentiated these assault crimes according to the seriousness of the harm done or attempted. *See* Pennsylvania Bar Association, Comments Relating to the Provisions of the Crimes Code 13 (1974). If an individual does no more than subject another to "physical contact," and neither attempts to cause nor causes any injury, he would seemingly be guilty of harassment. *See* Belsky and Goldblatt, Analysis and Commentary to the Pennsylvania Crimes Code 55 (1974). For simple assault and aggravated assault the determinative words are "bodily injury" and "serious bodily injury." Further, the importance the legislature attached to the type of contact and injury involved is emphasized by the great difference in the punishments provided for the three crimes.[2]

---

2. It is interesting to note that under prior law both assault and battery and aggravated assault and battery were misdemeanors. Assault and battery carried a maximum penalty of two years in

118

Since appellant was convicted of aggravated assault, the question is whether the evidence was sufficient to show that he caused or attempted to cause "serious bodily injury", *i.e.*, an injury either creating "a substantial risk of death" or causing "permanent disfigurement or protracted loss or impairment of the function" of Rosenzweig's nose.

Appellant's single punch broke Rosenzweig's nose' and blackened his eyes. The treatment of these injuries required Rosenzweig to spend three hours in the hospital. It is clear from this relatively quick release that he was not subjected to a substantial risk of death. Moreover, there was no evidence that Rosenzweig received any permanent disfigurement or protracted loss or impairment of the function of his nose. While a broken nose may entail such consequences, this court ought not to speculate whether in fact that happened here. *Commonwealth v. Simpson,* 436 Pa. 459, 260 A.2d 751 (1970) (conviction based wholly on suspicion or conjecture cannot stand) ; *Commonwealth v. Feinberg,* 211 Pa. Superior Ct. 100, 113, 234 A.2d 913, 919 (1967), *aff'd,* 433 Pa. 558, 253 A.2d 636 (1969) ("[G]uilt must be proved and not be conjectural, and cannot rest solely on suspicion or surmise."). If evidence was available to prove permanent or protracted harm, the Commonwealth should have produced it. As the record reads now, there is not sufficient evidence to establish that appellant "cause[d] serious bodily injury."

The issue therefore becomes whether appellant "attempt[ed] to cause serious bodily injury." An individual commits an attempt when he intends to commit a specific crime and does an act that constitutes a substantial step toward the commission of that crime. 18 Pa. C.S. §901. *See generally, Commonwealth v. Crow,* 303 Pa. 91, 98,

prison while aggravated assault and battery had a three year maximum. Act of June 24, 1939, P.L. 872, §§708 and 709, 18 P.S. §§4708 and 4709.

154 A. 283, 285-86 (1931) ; *Commonwealth v. Willard,*
179 Pa. Superior Ct. 368, 371, 116 A.2d 751, 753 (1955).
When appellant punched Rosenzweig, he committed the
requisite act. In regard to intent, the Crimes Code pro-
vides: "A person acts intentionally with respect to a
material element of an offense when: (i) if the element
involves the nature of his conduct or a result thereof, it
is his conscious object to engage in conduct of that nature
or to cause such a result. . . ." 18 Pa. C.S. §302 (b) (1) (i).
Therefore, in order for appellant to have made the neces-
sary attempt, he must have intended to cause "serious
bodily injury."

Intent may be proved by direct evidence, or it may be
inferred from evidence of the surrounding circumstances.
*Commonwealth v. Stoffan,* 228 Pa. Superior Ct. 127, 149,
323 A.2d 318, 328 (1974), *quoting Commonwealth v.
Freeman,* 225 Pa. Superior Ct. 396, 399, 313 A.2d 770,
772 (1973). There is no direct evidence that appellant
intended to cause Rosenzweig serious bodily injury.[3]
Three witnesses, Rosenzweig, the taxi cab driver, and
appellant, testified that only a single blow was struck, and
that then appellant walked away. He did not threaten to
kill or to cause serious bodily injury to Rosenzweig, nor
did he use a weapon. The trial judge placed great
emphasis on the fact that appellant hit Rosenzweig in the
head. He felt that since serious bodily injury *may* result
from a blow to the head, it could be inferred that appel-

---

3. In fact, the only direct evidence presented on this issue was
to the contrary. At trial, appellant admitted striking Rosenzweig
with his fist. He explained, however, that his girlfriend had identi-
fied Rosenzweig as the man who had hit her. When asked what his
intent was in hitting Rosenzweig, appellant responded: "Just hit
him. You know. Don't hit my woman no more. If I wanted to kill
him, you know, probably could have beaten him to death, but I
didn't do that. I just hit him." I quite agree with the majority, in
being "unimpressed by" this testimony; in fact, I place no weight
on it at all, for to credit it would not be to consider the evidence
in the light most favorable to the Commonwealth.

120

lant intended to cause such injury. However, as already indicated, to support a finding of guilt, an inference "must be based on facts and conditions proved and cannot rest solely on suspicion or surmise." *Commonwealth v. Gregory*, 183 Pa. Superior Ct. 53, 57, 127 A.2d 788, 789 (1956). It may be inferred from a punch to the head that the aggressor intended to cause "bodily injury," but not, without more, that he intended to cause "serious bodily injury," that is, permanent disfigurement, protracted impairment, or an injury creating a substantial risk of death. Serious bodily injury may result from any punch, and therefore to accept the inference made by the trial judge would be to elevate every simple assault to an aggravated assault with no reference to the "seriousness" of the act or the injury. That would be to contravene the legislative intent in separating the two crimes, and would leave to judicial whim whether a defendant was to be convicted of a misdemeanor with a maximum two year sentence or a felony with a maximum ten year sentence.

For these reasons, I would not have allowed appellant's conviction for aggravated assault to stand. However, the evidence that appellant broke Rosenzweig's nose and blackened his eyes was, as appellant admits in his brief, sufficient to prove that he caused "bodily injury." I would therefore have reversed the judgment of sentence, vacated the verdict of guilty of aggravated assault, and remanded with directions to enter a verdict of guilty of simple assault and to impose sentence thereon.

HOFFMAN and CERCONE, JJ., join in this opinion.