409 So.2d 263 (1982)
STATE of Louisiana
v.
Randall MOTT, a/k/a Randy Mott and One Raymond Mott.
No. 81-KA-1482.
Supreme Court of Louisiana.
January 25, 1982.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Norval J. Rhodes, Dist. Atty., Alexander L. Doyle, Asst. Dist. Atty., for plaintiff-appellee.
Cleveland J. Marcel, Jr., of Marcel & Alfred, Houma, for defendants-appellants.
CHARLES A. MARVIN, Justice Ad Hoc.[*]
Defendants, who are brothers, appeal their conviction and sentence for the crime of 2d degree battery, contending that the injury sustained by the victim was not serious bodily injury within the meaning of the statute and that the sentence imposed on each defendant is excessive. LRS 14:34.1. CCrP 894.1. We affirm.

ASSIGNMENT OF ERROR NO. 1
We find that there was substantial evidence presented from which the jury could have determined that this victim suffered either or both unconsciousness and extreme physical pain from the blows and kicks inflicted *264 by the defendants. For the purpose of the statute, either unconsciousness or extreme physical pain resulting to the victim of a battery is sufficient to constitute the crime of 2d degree battery.
"Second degree battery is a battery committed without the consent of the victim when the offender intentionally inflicts serious bodily injury.
"For purposes of this article, serious bodily injury means bodily injury which involves unconsciousness, extreme physical pain or protracted and obvious disfigurement, or protracted loss or impairment of the function of a bodily member, organ, or mental faculty, or a substantial risk of death.
"Whoever commits the crime of second degree battery shall be fined not more than two thousand dollars or imprisoned, with or without hard labor, for not more than five years, or both." LRS 14:34.1 Our emphasis.
The victim was delivering his child to the home of the sister of his estranged wife. The sister was married to defendant, Raymond Mott. The defendant testified that Raymond Mott said, "I'm going to make sure you never wave at [my wife] again," and then began to strike at the victim with his fists. Eventually the two men wrestled each other to the ground when the defendant Randall Mott came out of the house and kicked the victim in the head. The victim said, "I was unconscious after that. I don't know what happened and ... the next thing [I] remember was when the police arrived." The victim showed the jury where on his face and head he had a broken bone and where he was sutured by a doctor. Photographs of the victim taken on the same day were exhibited to the jury. These photographs clearly depicted some of the injuries described by the victim and by the doctor who examined him.
Other witnesses testified that Raymond Mott "started" the fight and that Randall Mott kicked the victim more than one time when the victim was in a helpless condition because of the first kick and could not defend himself. Some of these witnesses testified that Raymond Mott repeatedly struck the victim with his fist about the head after Randall Mott first kicked the victim. There was also testimony that one or more observers were thwarted in their verbal attempts, and from making physical attempts, to prevent further injury to the victim by Raymond Mott's statements that his brother and the victim were fighting in Raymond's yard and that the observers should not try to interfere. One or more witnesses also testified that Raymond Mott was urging his brother to inflict further injury upon the victim when the victim was in a helpless condition. The beating ceased only when the police neared the scene.
The medical specialist who testified saw the victim in the hospital emergency room several hours after the fight. This doctor said he found the results of blunt head trauma, both eyelids swollen almost completely shut, facial swelling and discoloring, bruising, subconjunctival hematomas in both eyes, and a non-displaced left zygomatic cheek fracture. The victim was given anti-swelling medication to prevent brain swelling, and was hospitalized for about 48 or 72 hours. The photographs depict an approximate one-half inch laceration that the doctor said had been sutured over the victim's left eye in the emergency room.
The doctor medically categorized the facial injuries as "serious" and the victim's pain from these injuries as "moderate to severe pain of the left facial area."
The terms unconsciousness and extreme physical pain in LRS 14:34.1 give adequate warning of the conduct proscribed and provide a workable standard for judges and juries to fairly administer the law. See State v. Thompson, 399 So.2d 1161, 1168 (La.1981). Under the circumstances presented in this record, we find no error in the jury determination that the injuries or injury sustained by this victim was serious bodily injury within the intendment of § 14:34.1. Other states have reached the same result where serious bodily injury was an element of the crime charged and where the injury was a broken nose or jaw. See, *265 and compare cases annotated, "Assault with Dangerous Weapon-Kicking", 33 A.L.R.3d 929, and particularly, Brown v. State, 605 S.W.2d 572 (Tex.Cr.App.1980)[1] and Commonwealth v. Alexander, 237 Pa.Super. 111, 346 A.2d 319 (1975)[2].

ASSIGNMENT OF ERROR NO. 2
In this assignment each defendant asserts that his sentence is excessive. Raymond Mott was sentenced to one year in the parish jail. Randall Mott was sentenced to nine months in the parish jail. Both were fined $200 and were assessed with court costs. Defendants argue that these sentences were "arbitrary" and that no consideration was given to mitigating factors. CCrP 894.1.
These mitigating factors for Raymond Mott include no prior criminal convictions and gainful employment as a city policeman. The mitigating factors offered by Randall Mott include no prior arrest or conviction record, gainful employment, and being the father of an infant child.
The trial judge said:
"... [T]he Court having ordered a ... and having reviewed that pre-sentence investigation, and in keeping with the provisions of Code of Criminal Procedure Article 894.1; the Court has after reviewing the pre-sentence investigation has determined that the defendants conduct did in fact cause great and serious bodily harm to the victim in this matter. The Court has also taken into consideration the possibility that there may have been some provocation on the part of victim although this was not definitely shown at the time of trial-the Court is certainly satisfied that both defendants particularly being former police officers in this parish, one of them at least, and were at the time I think police officers in another parish of this state; certainly were apprised that their conduct could cause great bodily harm to the victim in the matter. One of the defendants; namely, Raymond Mott according to the pre-sentence investigation has had some prior criminal history as far as brushes with the law and for that reason the Court is inclined to impose a more serious penalty on that defendant. The other defendant Randall Mott according to the trial of the matter and the facts brought forth therein probably caused the greatest degree of punishment to the victim; however it is apparently his first offense. For those reasons as previously stated and set forth the defendant Raymond Mott is hereby sentenced to pay a fine of $200 and costs and to serve a term of one year in the parish jail. The defendant Randall Mott is hereby sentenced to pay a fine of $200.00 and costs and serve a term of nine months in the parish jail."
The trial judge articulated specific reasons and individualized each sentence, being more lenient with Randall Mott, who was a first offender. Neither sentence in this case approaches the maximum allowed under the statute. Where a trial judge recites some of the CCrP 894.1 factors, such as the violent nature of the crime and the defendant's *266 criminal history [or absence thereof], a factual basis for the sentence is present and it is not necessary for the trial judge to enumerate each factor of § 894.1. State v. Douglas, 389 So.2d 1263 (La.1980). We find no error in the sentencing proceedings and do not find the sentences excessive.
The conviction and sentence of each defendant is AFFIRMED.
NOTES
[*] Judges Pike Hall, Jr., Charles A. Marvin, and Jasper E. Jones, of the Court of Appeal, Second Circuit, participated in this decision as associate justices ad hoc, joined by Chief Justice John A. Dixon, Jr., and Associate Justices Walter F. Marcus, Jr., Fred A. Blanche, Jr., and Harry T. Lemmon.
[1] Serious bodily injury in the Texas statute (V.T.C.A. Penal Code § 1.07(a)(34) was there defined as bodily injury that causes "... serious permanent disfigurement, or protracted... impairment of the function of any bodily member or organ." In Brown, the victim's nose was broken and, before the fracture was reduced or set, was deformed. The court said that while this treatment prevented disfigurement and impairment, the injury itself was "serious" within the meaning of the statute before medical treatment. 605 S.W.2d at p. 575.
[2] In Alexander, the Pennsylvania court quoted the aggravated assault statute as defining serious bodily injury as that "which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." The court described the incident in this language: "The [one] blow blackened both of Rosenzweig's eyes, fractured his nose, and required stitches to close the other wounds on his face. The victim was treated at the emergency ward of a hospital and released."

That court held those injuries to constitute "serious bodily injury" within the meaning of the statute. Three judges dissented.
Here the victim suffered a fracture, unconsciousness, and was medicated to prevent his brain from swelling.