Commonwealth ex rel. Sawchak *v.* Ashe.

530

Submitted November 24, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Michael Hahalyak,* for relator.

*Charles M. Koontz,* District Attorney of Bedford County, *William S. Rahauser,* District Attorney of Allegheny County and *Gilbert J. Helwig,* Assistant District Attorney, for Commonwealth.

OPINION BY RHODES, P. J., September 26, 1951:
Relator, William Sawchak, in his petition for writ of habeas corpus filed in this Court, averred that he

was unlawfully detained in the Western State Penitentiary under sentences imposed on void indictments. The sentences which had been imposed by the Court of Quarter Sessions of Bedford County on October 16, 1944, aggregated not less than nine and one-half years nor more than nineteen years.

Relator entered pleas of guilty to four separate bills of indictment, Nos. 1, 2, 4, and 5, December Sessions, 1944, Bedford County, charging him and a codefendant with assault and battery with intent to kill, resisting arrest, carrying a deadly weapon, and attempted robbery. The sentence on bill No. 1, assault and battery with intent to kill, was for a term of imprisonment in the Western State Penitentiary of not less than three and one-half years nor more than seven years; the sentence on bill No. 2, resisting arrest, was for a term of imprisonment in the Bedford County Jail of not less than six months nor more than one year, the sentence to run concurrently with sentence imposed on bill No. 1; the sentence on bill No. 4, carrying deadly weapon, was for a term of imprisonment in the Western State Penitentiary of not less than one-half year nor more than one year, sentence to be consecutive to sentences on bills Nos. 1 and 2; the sentence on bill No. 5, attempted robbery, was for a term of imprisonment in the Western State Penitentiary of not less than five and one-half years nor more than eleven years, the sentence to be consecutive to sentences on bills Nos. 1, 2, and 4.

On October 1, 1944, relator and his confederate, Peter Revty, were stopped by an officer of the Pennsylvania State Police in Bedford County while operating a motor vehicle in violation of the law. The car had been stolen. The officer directed relator and his companion to get out of the car. Revty drew a gun and threatened the officer. Relator attempted to take the officer's gun from his person. Thereafter Revty shot

and wounded the officer; he and relator then fled in the stolen car. They were soon apprehended; both were armed. They were confined in the Bedford County Jail in separate cells. Relator signed a confession in which he recited in detail his extensive criminal activities including the crimes committed in Bedford County. On October 2, 1944, relator was brought before a justice of the peace in the Borough of Bedford at which time the charges that were contained in the information were read to him and he was advised of his rights. These charges were subsequently incorporated in the bills of indictment. Before the justice of the peace, relator admitted his guilt and said that he understood that he was waiving a preliminary hearing. Relator was 19 years of age, and had a seventh grade education.

Answers were filed to the rule to show cause issued on relator's petition by the District Attorney of Bedford County and the warden of the Western State Penitentiary. We ordered the matter set down for argument, and briefs were filed. Subsequently, relator filed an "amended Petition for Writ of Habeas Corpus" containing additional averments.

In his petitions, relator made a number of factual allegations relating to the alleged deprivation of constitutional rights; the averments were denied in the answer of the District Attorney of Bedford County. Relator's averments were in effect (1) that, prior to the entry of pleas of guilty and before sentences were imposed, relator was not advised of his right to counsel by the trial judge or the district attorney; (2) that he did not waive his right to counsel; (3) that notwithstanding his request he was not afforded access to counsel, family, or friends during the period of sixteen days' confinement before the imposition of sentence; (4) that undue pressure was placed upon him by the prosecuting officials to enter pleas of guilty; (5) and

that his signed statement as to the crimes alleged to have been committed in Bedford County, as well as other offenses, were obtained from him under duress. By order of March 6, 1951, we referred the petitions and answer to the Court of Quarter Sessions of Bedford County so that the relator might have an opportunity to establish by evidence the material averments of the petitions, and so that the Commonwealth might have an opportunity to rebut this evidence. See *Com. ex rel. Milewski v. Ashe*, 362 Pa. 48, 66 A. 2d 281; *Com. ex rel. Hice v. Ashe*, 166 Pa. Superior Ct. 35, 70 A. 2d 479; *Com. ex rel. Vail v. Burke*, Pa. Superior Ct., Misc. Docket No. 6, No. 89 (March 20, 1950). We also directed that if it should be established that relator waived or refused counsel, it should be further determined whether such waiver or refusal was understandingly made. Hearings were subsequently held before the Court of Quarter Sessions of Bedford County at which relator and his counsel were present. After hearing the evidence, that court remitted the record together with the hearing judge's findings of fact to this Court. The hearing judge found that relator had not been represented by counsel at the time he pleaded guilty in the Court of Quarter Sessions of Bedford County to the respective bills of indictment on October 16, 1944; that ten days prior to the session of the Court of Quarter Sessions of Bedford County and the entry of such pleas by relator he had been visited in the county jail by the county probation officer who inquired of relator whether the latter proposed to plead guilty or not guilty to the charges against him, to which inquiry relator replied that he desired to plead guilty; that the probation officer then informed relator that if he desired counsel and was not financially able to obtain the same the court would appoint counsel for him without any cost to him; that prior to signing the pleas of guilty in open court relator was informed by the

trial judge of the serious nature of the crimes with which he was charged, and was asked by the trial judge whether he desired an attorney, to which inquiry relator made a negative reply; that relator then and there waived his right to counsel; that the waiver and refusal of counsel by relator was understandingly made; that after relator had signed the pleas of guilty the trial judge heard a recital of the facts by the prosecuting officer, the recommendation of the district attorney, and the report of the probation officer; that the trial judge then asked relator if he had anything to say before sentence, to which inquiry relator made a negative reply; and that the sentences were then imposed on the respective bills of indictment. The hearing judge also found that the method of imprisonment of relator in the Bedford County Jail was the usual and proper method for prisoners charged with serious offenses; that relator was not denied access to counsel, family, or friends during the sixteen days' confinement prior to his entry of pleas of guilty and sentencing; that no undue pressure was placed upon relator by the prosecuting officials to enter guilty pleas; and that the signed statement of relator as to the crimes alleged as well as to other crimes was not obtained from him under duress.

The evidence taken by the Court of Quarter Sessions of Bedford County pursuant to our order of March 6, 1951, supports the findings of the hearing judge, which we adopt; the evidence does not support any of the material allegations of relator in his petitions for writ of habeas corpus. It does not appear from the record that relator was overreached or that anything occurred inconsistent with due process of law. His education, seventh grade, and age, nineteen years, do not afford in this proceeding any assumption to the contrary; he was not lacking in comprehension or physical maturity. His career of crime cul-

minated in Bedford County when he and his companion in crime attempted to kill a state policeman. His detailed confession was not obtained by force or coercion and contains a lucid recital of his criminal activities and crimes of violence. The record discloses that relator refused counsel "with an understanding of his rights." See *Com. ex rel. Uveges v. Ashe,* 335 U. S. 437, 69 S. Ct. 184, 93 L. Ed. 127; *Quicksall v. Michigan,* 339 U. S. 660, 70 S. Ct. 910, 94 L. Ed. 1188; *Com. ex rel. Hovis v. Ashe,* 165 Pa. Superior Ct. 30, 67 A. 2d 770. We are convinced, after a thorough examination of the testimony, that relator was properly and considerately treated, and that there was no denial of fundamental fairness at any time or in any respect. Relator failed to sustain the burden of establishing the truth of any material fact that would entitle him to relief. See *Com. ex rel. Johnson v. Dye,* 159 Pa. Superior Ct. 542, 49 A. 2d 195; *Com. ex rel. Hovis v. Ashe,* 364 Pa. 81, 70 A. 2d 630.

Relator's other contentions set forth in his petition and amended petition for writ of habeas corpus are likewise without merit.

With respect to the indictment in which he was charged with carrying a deadly weapon (No. 4, December Sessions, 1944), he alleges that it is defective in that it fails to aver that the weapon was carried concealed upon relator's person. The indictment charges relator with unlawfully carrying "a certain firearm . . . with intent therewith unlawfully and maliciously to do injury to another person, contrary to the provisions of Section 416 of the Penal Code, approved the 24th day of June, 1939, as amended . . . ." The offense of carrying a deadly weapon concealed upon the person with intent to do injury to another is the only offense defined in section 416, 18 PS §4416. The omission of an averment that the weapon was concealed upon relator's person was merely a formal defect that is not prop-

erly reviewable in a habeas corpus proceeding. Relator was not harmed.

Relator further contends that an attempt to commit robbery is not an indictable offense. This contention is entirely erroneous. An attempt to commit robbery is a common law offense. *Com. v. Guida*, 341 Pa. 305, 19 A. 2d 98. We observe no material distinction between an indictment charging an attempt to rob, being armed with an offensive weapon, and an indictment charging an assault with intent to rob, being armed with such a weapon. See section 705 of the Act of June 24, 1939, P. L. 872, 18 PS §4705. Assault is an element of attempted robbery.

Relator also asserts that the offense of assault with intent to kill merged with the charge of attempted robbery so as to preclude the imposition of a separate sentence for each offense. The facts out of which the two offenses arose do not support such allegation. While relator's confederate in their criminal activities pointed a gun at the police officer, relator attempted to take the officer's revolver from him. Subsequently Revty shot and wounded the officer to facilitate their escape. It is obvious that the one crime did not necessarily involve the other. This is the test as to merger. *Com. ex rel. Moszczynski v. Ashe*, 343 Pa. 102, 21 A. 2d 920; *Com. ex rel. Hnat v. Ashe*, 165 Pa. Superior Ct. 25, 67 A. 2d 769.

Relator questions our right to have referred the matter to the Court of Quarter Sessions of Bedford County for hearing and findings on the factual issues raised by the petitions and answer. Relator's argument in this connection is based upon the fact that at the time of the institution of this proceeding the court of Bedford County did not have jurisdiction to entertain habeas corpus proceedings as relator was not confined in that county. (See Act of May 25, 1951, No. 98, which conferred jurisdiction in such cases on

judges of the court of common pleas of the judicial district wherein relator was convicted and sentenced.)

The fact that the Court of Common Pleas of Bedford County did not have jurisdiction at the time to entertain a petition for writ of habeas corpus does not restrict our inherent power to have the disputed issues submitted to the Court of Quarter Sessions of that county for the taking of testimony and the making of findings of fact. It has been the established practice of both appellate courts of this Commonwealth to refer such matters to the court of the county where the factual dispute originated. Our right to do so is beyond question. *Com. ex rel. Milewski v. Ashe,* supra, 362 Pa. 48, 66 A. 2d 281; *Com. ex rel. Kominski v. Burke,* Pa. Supreme Ct., Misc. Docket No. 9, No. 332 (April 15, 1950); *Com. ex rel. Vail v. Burke,* Pa. Superior Ct., Misc. Docket No. 6, No. 89 (March 20, 1950). The findings of fact of the hearing judge are purely advisory. *Com. ex rel. Sheeler v. Burke,* 367 Pa. 152, 154, 79 A. 2d 654.

The rule to show cause is discharged, and writ of habeas corpus is refused.