Commonwealth ex rel. Gaynor, Appellant, *v.* Maroney.

Submitted June 14, 1962. Before RHODES, P. J., ER-
VIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and
FLOOD, JJ.

*Gus Gaynor,* appellant, in propria persona.

*Ernest L. Green,* Assistant District Attorney, for
appellee.

OPINION BY MONTGOMERY, J., September 13, 1962:

In this habeas corpus proceeding appellant ques-
tions the legality of his sentences, but seeks also to
question the validity of his conviction by raising ques-
tions as to the admission of evidence and its suffi-
ciency.

We shall consider only the matter of his sentences
since habeas corpus may not be used as a substitute for
appeal. *Commonwealth ex rel. Williams v. Myers,* 193
Pa. Superior Ct. 110, 162 A. 2d 419.

Having been found guilty on two bills of indictment
charging "Cheating by False Pretense" and two bills
charging "Larceny", appellant was sentenced to the
Delaware County Prison on the two bills charging

"Cheating by False Pretense" (bills 373 and 374). Sentence was suspended on the other two bills (375 and 376) charging "Larceny". Subsequently, within the same term of court, the appellant was summoned before the court and appeared without counsel. On that occasion, after revoking its prior sentences, the court imposed sentences to the penitentiary on bills 375 and 376, and suspended sentences on 373 and 374.

It was within the power of the lower court to reconsider the original sentences it had imposed and to either reduce or increase them in penalty or severity so long as the term during which the original sentence was imposed had not expired. *Commonwealth ex rel. Paylor v. Cavell*, 185 Pa. Superior Ct. 176, 138 A. 2d 246, cert. den. 358 U. S. 854, 79 S. Ct. 84, 3 L. Ed. 2d 88. This included the power to impose a sentence upon a charge as to which sentence had theretofore been suspended. 11 P.L.E., Criminal Law, §645.

Appellant contends, however, that this power terminated upon his commitment on and the commencement of his original sentences, regardless of the term of court having ended or not; and alleges that before he was resentenced he had been committed and had served part of the term under the original sentence. His statement of law appears to be the general rule, 15 Am. Jur., Criminal Law, §§473, 474, although the question as to when a commitment begins creates differences in its application. However, in the absence of a brief from the prosecution, and any other information to the contrary, we may reasonably assume that appellant's statement is correct and that he had been serving his original sentences in the Delaware County Prison for thirty days before he was resentenced.

As we review our decisions under Pennsylvania law, the time of commitment or the fact that part of the original sentence had been served is immaterial. The general rule in Pennsylvania is that the power of

the court to alter its sentences continues throughout the term so long as they have not been fully executed. *Commonwealth ex rel. Berry v. Tees*, 177 Pa. Superior Ct. 126, 110 A. 2d 794. This case is also an answer to appellant's complaint as to the absence of counsel at the time he was resentenced. If counsel was in fact absent, no harm or prejudice is apparent, or alleged (except that counsel might have then raised the questions we are now considering and which are without merit).

Appellant's final complaint relates to the alleged duplicity of the indictments. This question was not raised prior to trial, and there is no prejudice to appellant since he is now serving sentences only for the crimes of larceny. His sentences are in accordance with the law. When two counts of an indictment or two indictments charge the same offense and vary only in degree, or where one is an ingredient of the other, only one sentence is sustainable. *Commonwealth ex rel. Sawchak v. Ashe*, 169 Pa. Superior Ct. 529, 83 A. 2d 497, cert. den. 343 U. S. 980, 72 S. Ct. 1080, 96 L. Ed. 1371.

However, the duplicity or repugnancy of indictments are matters for disposition at trial or on appeal, not habeas corpus. *Commonwealth v. Evans*, 190 Pa. Superior Ct. 179, 154 A. 2d 57, aff. 399 Pa. 387, 160 A. 2d 407, cert. den. 364 U. S. 899, 81 S. Ct. 233, 5 L. Ed. 2d 194, reh. den. 364 U. S. 939, 81 S. Ct. 377, 5 L. Ed. 2d 371. See also *Commonwealth v. Grosso*, 192 Pa. Superior Ct. 513, 162 A. 2d 421, aff. 401 Pa. 549, 165 A. 2d 73.

There were no facts in dispute in the present matter, consequently no hearing was necessary. Therefore, since there is no merit in appellant's contention as to the law, the order of Toal, J., dismissing the petition is affirmed.