## Commonwealth ex rel. McDonnell, Appellant, *v.* Rundle.

Submitted December 12, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Mahlon McDonnell,* appellant, in propria persona.

*Stanley M. Shingles* and *Arlen Specter,* Assistant District Attorneys, *F. Emmett Fitzpatrick, Jr.,* First Assistant District Attorney, and *James C. Crumlish, Jr.,* District Attorney, for appellee.

OPINION BY WATKINS, J., March 20, 1963:

This is an appeal from an order of the Court of Common Pleas No. 4 of Philadelphia County, dismissing a petition for a writ of habeas corpus.

The petitioner, Mahlon McDonnell, was indicted, tried and convicted in May, 1948 on six bills of indictment charging him with contributing to the delinquency of minors; solicitation to commit sodomy; assault and battery; aggravated assault and battery; and as-

sault and battery with intent to ravish. The sentences on each of the six bills were to run consecutively and totaled eleven and one-half to twenty-three years.

During the period 1954 to 1957, the sentences on three of the bills were revoked and deleted from the record. This resulted in a reduction of the term of imprisonment to not less than seven and one-half years and not more than fifteen years with the terminal date of the maximum period being May 7, 1963. With more than five years of his sentence remaining, the petitioner was admitted to parole on December 31, 1957, and on January 26, 1959, he was convicted of similar sexually oriented crimes and sentenced to eleven and one-half to twenty-three months for indecent assault.

On July 11, 1960, he was returned to the Parole Board as a parole violator and imprisoned to complete serving the unexpired portion of his prior sentences. As a result of the violation the terminal date of the maximum sentence is now May 3, 1965.

The petition for this writ was directed to the 1948 convictions. The contention of the relator is directed to the sufficiency of the evidence. ". . . the remedy of habeas corpus may not properly be used as a substitute for an appeal for the review of alleged trial errors which could have been considered and, if they were actually such, could have been corrected in the regular course of appellate review." *Com. ex rel. Fletcher v. Cavell,* 395 Pa. 134, 140, 149 A. 2d 434 (1959).

The petitioner raised a question that "cunnilingus", while conceding that evidence made out this act, was not included in Sec. 501 of the Act of 1939, P. L. 872, 18 PS §4501. This is without merit. *Com. v. Bowes,* 166 Pa. Superior Ct. 625, 74 A. 2d 795 (1950); *Com. v. Hornberger,* 199 Pa. Superior Ct. 174, 184 A. 2d 276 (1962).

His contention concerning illegal search and seizure is not pertinent to this petition and equally without

merit. *Com. v. Mancini,* 198 Pa. Superior Ct. 642, 646, 184 A. 2d 279 (1962).

We agree with President Judge ALESSANDRONI that the petition amounts to an intent to utilize habeas corpus as a substitute for appeal. *Com. ex rel. Gaynor v. Maroney,* 199 Pa. Superior Ct. 81, 184 A. 2d 409 (1962).

Order **affirmed.**