## Commonwealth ex rel. Hall v. Russell

*Herbert Hall,* p.p., relator.

*Charles J. Bogdanoff,* Assistant District Attorney, for respondent.

GRIFFITHS, J., May 31, 1963.—On April 5, 1963, a rule was granted to show cause why a writ of habeas corpus should not issue, which was returnable on April 16, 1963, and denied without hearing, on the same date, as the reasons averred were matters which properly should have been raised on appeal.

Relator was tried before the Honorable Joseph Sloane and a jury, and, on April 1, 1955, sentence of 15 to 30 years was imposed on two bills of indictment, each bill charging armed robbery. He was also placed on probation for three years on another bill charging carrying a concealed deadly weapon, such probation to begin at the expiration of his maximum 30 year sentence. His minimum 15-year sentence expires on January 7, 1970. In view of the seriousness of the offenses, sentence for which two convictions of armed robbery the legislature has enacted an indeterminate sentence of 10 to 20 years for each offense, the sentence imposed by the trial judge, totalling 15 to 30 years, was one where justice was clearly tempered by mercy: Act of June 24, 1939, P. L. 872, 18 PS §4705.

In paragraph V, section A of his petition for habeas corpus, relator avers he received an unfair trial, in that the assistant district attorney remarked in his

summation to the jury: "Those witnesses wouldn't hesitate to lie a little to commit perjury." Actually, the record shows (n/t 94) that the remarks were:

"I said: Here is a man charged with a robbery, members of the jury. Do you agree with me, that such a person, such a witness charged with a serious crime of that nature, would hesitate to commit a little bit of perjury? Doesn't that make sense?"

Such remarks, in our opinion, were proper comment by the assistant district attorney on the issue of credibility of witnesses, and arguable in summation to the jury, as was the case here.

The trial clearly was not so fundamentally unfair as to deny relator due process of law, nor did it constitute fundamental error depriving him of a constitutional right: Commonwealth ex rel. Willis v. Myers, 200 Pa. Superior Ct. 453 (1963). Unless such denials of fundamental justice can be shown, any alleged errors can only be raised and corrected in the regular course of appellate review by appeal within the statutory time, and not by habeas corpus, which is always available: Commonwealth ex rel. Fletcher v. Cavell, 395 Pa. 134, 140 (1959); Commonwealth ex rel. McDonnell v. Rundle, 200 Pa. Superior Ct. 362, 364 (1963).

The cases are legion that habeas corpus will not substitute for an appeal: Commonwealth ex rel. Montanez v. Maroney, 200 Pa. Superior Ct. 424, 425 (1963); Commonwealth ex rel. Coffman v. Keenan, 198 Pa. Superior Ct. 80, 82 (1962).

Wherefore, we dismissed the petition.