Commonwealth *v.* Minor, Appellant.

344

Submitted March 20, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

Be-fore FORER, J.

*Nino V. Tinari,* for appellant.

*David Richman* and *Albert L. Becker,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY PRICE, J., April 11, 1974:

This is a direct appeal by appellant from his conviction of burglary and larceny after a jury trial on

March 5 and 6, 1973, and sentencing on July 2, 1973, for burglary, 6 to 23 months in Philadelphia County Prison, and for larceny, 6 to 23 months in Philadelphia County Prison, with the sentences to run concurrently. The issues raised are the sufficiency of the evidence to establish appellant's guilt beyond a reasonable doubt, and whether the verdict was against the weight of the evidence.

Although appellant also raises the question of error in the lower court's charge, his brief concedes that the charge correctly states the law. Further, there were no exceptions taken and the issue was not raised on post-trial motion, and is therefore waived and will not be considered.

It is conceded that appellant at no time entered the building that was burglarized and that he was never in possession of the personal property taken from the building. Appellant was tried as an accessory and conspirator with one Benjamin Mitchell and convicted by jury verdict under proper instructions of the lower court on both charges.

Timely motions for arrest of judgment and for a new trial were made and denied by the lower court by opinion and order filed May 24, 1973.

In determining whether the evidence was sufficient to support the guilty verdict, we accept the Commonwealth's evidence as true, including all reasonable inferences therefrom. *Commonwealth v. McFadden,* 448 Pa. 146, 292 A. 2d 358 (1972); *Commonwealth v. Portalatin,* 223 Pa. Superior Ct. 33, 297 A. 2d 144 (1972). So viewed, the testimony will show why the lower court was correct in dismissing appellant's motions and that the verdict was adequately supported. We will affirm the judgment of sentence.

On November 2, 1972, appellant and Benjamin Mitchell were arrested on these charges as well as re-

sisting arrest.[1] An off-duty Philadelphia police officer whose parents lived in the immediate vicinity of the burglarized premises was sitting in a parked car visiting with his father and observed appellant and Mitchell for a period of time prior to the break-in of the premises, heard conversation between appellant and Mitchell, and observed Mitchell break a panel out of the door. He arrested appellant outside the building and Mitchell exiting by way of the broken door with personal property. His testimony establishes that appellant and Mitchell together walked along West Oxford Street from its intersection with Ridge, stopped outside the later burglarized premises known as 2123 West Oxford, and while appellant stood by, Mitchell looked inside through a window and shook the bars on the window and tried the door. By the same testimony, appellant and Mitchell together walked to a nearby restaurant and looked in the restaurant window. The owner of the premises at 2123 West Oxford testified that at that point in time he was in the restaurant for dinner, having shortly before locked up the thrift store he owns and operates at 2123 West Oxford. The police officer established, again by direct observation, that appellant and Mitchell together returned from the restaurant directly to 2123 West Oxford and that he heard appellant say to Mitchell: "You go ahead and I'll stand out here and *watch*," (emphasis added) (NT 14) whereupon Mitchell broke into the premises by smashing a panel in the door and removed personal property. The police officer immediately placed both appellant and Mitchell under arrest.

This evidence is clearly ample to establish and sustain this conviction. Although the evidence must show more than a mere association to establish a conspiracy,

---

[1] The lower court sustained a demurrer to the resisting arrest charge on March 6, 1973. (NT 50)

this evidence establishes the relationship, conduct and circumstances of the parties. The overt acts herein established on the part of appellant and Mitchell as coconspirators, have uniformly been held competent to prove that a corrupt confederation has in fact been formed. See *Commonwealth v. Eiland,* 450 Pa. 566, 301 A. 2d 651 (1973), and cases cited therein.

Based on this evidence the jury could reasonably conclude, and obviously did, that appellant and Mitchell planned this burglary, acted in concert in putting the plan into effect, and that appellant was a lookout for his accomplice. As a result, appellant, as a conspirator, was responsible for the acts of Mitchell. See *Commonwealth v. Eiland, supra.*

Judgment of sentence affirmed.