354 A.2d 542

**PHILLIPS HOME FURNISHINGS, INC.,**
**Plaintiff-Appellee,**

v.

**CONTINENTAL BANK, Defendant-Appellant.**

Supreme Court of Pennsylvania.

Argued Jan. 16, 1976.

Decided April 7, 1976.

Blank, Rome, Klaus & Comisky, Marvin Comisky, Alan C. Gershenson, Philadelphia, for appellant.

Howard E. Davidson, Philadelphia, for appellee.

Drinker, Biddle & Reath, Melvin C. Breaus, Jack B. Justice, Philadelphia, for amicus curiae, Philadelphia Clearing House Assn.

Gordon W. Gerber, John J. Brennan, Philadelphia, for amicus curiae, Pennsylvania Bankers Assn.

Before JONES, C. J., and EAGEN, O'BRIEN, ROB-
ERTS, POMEROY, NIX and MANDERINO, JJ.

OPINION

NIX, Justice.

Plaintiff-appellee, Phillips Home Furnishings, Inc.,
commenced the instant litigation by way of a complaint
sounding in assumpsit and in trespass alleging that on
June 16, 1973, its agent delivered the sum of $5,669.00
into the "night depository safe" of defendant-appellant,
Continental Bank, and that those funds were never cred-
ited to the Phillips' account. The Bank moved for sum-
mary judgment asserting that there was no triable issue
of material fact.[1] The Bank sought summary judgment
in its favor relying upon the following exculpatory clause
in its "night depository agreement":

> "Bank shall be under no liability with respect to
> anything placed in the Night Depository, except for
> the amount of cash and checks actually taken into its
> possession upon opening the Night Depository Safe.
> In the event of any dispute as to whether or not the
> said bag dropped down the chute and entered the
> Night Depository Safe, or came into the possession of
> Bank, the report of the employee of Bank who shall
> open the Safe upon the following business day shall be
> conclusive and binding upon the undersigned."

The Bank argued that this clause placed the risk of loss
solely upon the depositor. The Common Pleas Court

1. Phillips filed an answer to the motion for summary judgment,
attaching two affidavits to the effect that the deposit was in fact
made on the night in question, and that whether or not there was
a deposit required a determination by the trier of fact at trial.
With its motion for summary judgment the Bank had appended
the affidavits of two of its employees stating that they had joint-
ly opened the safe on the first business day following the alleged
deposit and did not find either the funds or the bag in which the
deposit was supposedly enclosed.

agreed and granted the Bank's motion for summary judgment.

Phillips appealed to the Superior Court asserting only that the pleadings and affidavits raised sufficient issues of fact which foreclosed the right to summary judgment and required that the matter proceed to trial. Specifically appellee argued that the affidavits of the Bank employees could not, by themselves, create an irrebuttable presumption sufficient to preclude them from endeavoring to prove at trial that the deposit had in fact been made. Phillips, in the appeal before the Superior Court, did not challenge the validity of the exculpatory clause and conceded in argument before this Court that the decision not to raise the question at that juncture was a deliberate one, chosen for a specific tactical objective. Nevertheless, in deciding the cause before it, the Superior Court perceived the threshold issue to be: "whether a bank may contractually absolve itself from all liability in connection with the use of a night depository facility, so that its customers are required to use the facility at their sole risk." After concluding that the exculpatory provision was invalid as a matter of law, the Superior Court then determined that there was a genuine issue of material fact and reversed the order of the court below granting summary judgment.[2]

It is now urged that the Superior Court exceeded the bounds of proper appellate review by reaching an issue not properly presented to it by the parties. We agree

**2.** This decision was premised upon alternative grounds. First, as a bailee, a bank cannot disclaim liability for its own negligence. However, there was nothing in the complaint that could conceivably have been interpreted as an allegation of negligence. To the contrary, the trespass count of the complaint rested upon a theory of conversion.

The second basis for finding the clause unenforceable, as a matter of law, was predicated upon the theory that the agreement was a contract of adhesion. The opinion indicated that it considered the second position as the stronger of the two. In view of our disposition of the matter, we need not pass upon the respective merits of these conclusions.

and therefore must reverse their order and remand the cause for disposition based upon the issue properly submitted for resolution.

A similar situation was presented in *Wiegand v. Wiegand,* 461 Pa. 482, 337 A.2d 256 (1975). In that matter a husband appealed an order entered by the Family Division of the Allegheny Court of Common Pleas citing two non-constitutional grounds as the basis for relief. The Superior Court, sua sponte, found the statutory authority under which the lower court had acted in violation of the Pennsylvania Constitution and reversed the order of the court below. In reversing the Superior Court, we stated:

> "Sua sponte consideration of issues deprives counsel of the opportunity to brief and argue the issues and the court of the benefit of counsel's advocacy   .   .   . Furthermore, sua sponte determinations raise many of the considerations that led this Court to require without exception that issues presented on appeal be properly preserved   .   .   .. See *Dilliplaine v. Lehigh Valley Trust Co.,* 457 Pa. 255, 322 A.2d 114 (1974); cf. *Commonwealth v. Clair,* 458 Pa. 418, 326 A.2d 272 (1974)." *Id.* at 485, 337 A.2d at 257.

Nor do we believe that the fact that the issue considered sua sponte in *Wiegand,* supra was a constitutional question is a basis for distinguishing that situation from the case at bar. The unwarranted disruption of the orderly processes of judicial decisionmaking is still the same. Additionally, although the question at issue did not reach constitutional proportions, it was one of moment, that should have been resolved only after counsel for each side had been afforded an opportunity to brief and argue their respective positions.[3]

3. Because of the possible far-reaching implications upon the financial community of this decision, the Philadelphia Clearing House Association, the Pittsburgh Clearing House Association, and the Pennsylvania Bankers Association requested of this Court and were granted the right to submit briefs, as amici curiae.

An additional danger in the practice of deciding cases on issues not presented by the parties is that counsel has not been alerted to establish an adequate record upon which to decide the unanticipated issue. It is unfair both to the party with the burden and to the responding side to allow the outcome of a lawsuit to depend upon the resolution of an issue that was beyond their purview of the area of controversy.[4]

The validity of the clause was not at issue before the Superior Court. The agreed focal point of the dispute was the existence of a genuine issue of material fact accepting the clause's validity. To allow the Superior Court's order to stand upon the basis which it was premised would be to ignore the significance of advocacy in our system of jurisprudence.

The order of the Superior Court is reversed and the cause remanded to the Superior Court for consideration of the issue properly presented.

ROBERTS, J., filed a dissenting opinion joined by JONES, J.

ROBERTS, Justice (dissenting).

In my view the order of the Superior Court should be vacated and the cause remanded to the Superior Court. I do not agree with the majority that this Court should limit the determination there to consideration of the effect of the exculpatory clause.

The threshold issue before this Court is whether the validity of this exculpatory clause was presented on appeal to the Superior Court. The majority states that the issue was not raised and, therefore, the Superior Court should not have decided the issue sua sponte. See *Wiegand v. Wiegand*, 461 Pa. 482, 337 A.2d 256 (1975).

4. Here, this particular problem was not a significant factor since this question was, in fact, raised at the trial level.

The present record is inadequate for this Court to determine whether the issue was, in fact, raised. That issue was presented to the court of common pleas, yet Phillips' brief to the Superior Court does not address the issue. Continental Bank's brief to the Superior Court discusses the validity of the clause and states that Phillips did not appeal the trial court's validity determination. Although Phillips stated in oral argument before this Court that it chose not to raise the issue in the Superior Court, the opinion of the Superior Court implies that the validity of the clause was raised. Although not briefed by Phillips to the Superior Court, the issue may have been raised in oral argument and thereby presented for decision. This Court has no way of knowing on the present record whether the issue was raised at oral argument. This case is therefore distinguishable from *Wiegand* where it was undisputed that the issue was neither briefed nor argued but reached sua sponte by the Superior Court in making its decision.

The inadequacy of the present record requires that we give the Superior Court an opportunity to state what issues were presented for its resolution. On remand it should determine whether the validity of the clause was presented to it. If the validity of the clause was not argued, review should be limited to interpreting the clause to determine if there is a genuine issue of material fact to be tried. If the issue was raised at oral argument, however, the validity of the exculpatory clause was properly before the Superior Court and the principles of *Wiegand* are inapplicable. In that event its order should be reinstated and the case returned here for review.

JONES, C. J., joins in this dissenting opinion.