372 A.2d 1207

**COMMONWEALTH of Pennsylvania**

v.

**Howard OLSEN, Appellant.**

Superior Court of Pennsylvania.

Submitted June 14, 1976.

Decided April 19, 1977.

514

516

David R. Eshelman, Assistant Public Defender, Reading, for appellant.

Charles M. Guthrie, Jr., Assistant District Attorney, Reading, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

This case presents two appeals arising from the same fact situation. The appeal at No. 928 is a direct appeal from a judgment of sentence. The appeal at No. 929 is an appeal from an order dismissing the appellant's post-conviction petition. We affirm the order dismissing the post-conviction petition and affirm the judgment of sentence.

The facts upon which both appeals are based are as follows: On the evening of April 28, 1966, the complainant was delivering clothes to customers for her employer, Society Cleaners. On one of her deliveries, appellant Howard Olsen jumped from a nearby car, held the complainant around her waist, and placed a metallic object against her neck. The complainant was forced into the front seat of the car which was being driven by Thomas Lutz.

After driving to a secluded spot, Thomas Lutz forced the complainant into the rear seat of the automobile, where he attempted forcibly to have sexual relations with her. She was then forced back into the front seat, and Thomas Lutz drove the car to New York City. En route, appellant placed his hands on the complainant's breasts and on other parts of her body, despite her objections. While in New York City, the complainant escaped from her captors.

Appellant was tried before a jury on March 25 and 26, 1968. Appellant chose to represent himself. However, the court appointed a public defender to aid appellant in conducting the trial. The jury found appellant guilty of Assault and Battery, Assault with Intent to Ravish, Indecent Assault, Kidnapping for Extortion, and five counts of Conspiracy.

On March 28, 1968, appellant and his appointed counsel appeared to argue post-trial motions. At that time, appellant withdrew his motion for a new trial and stated that he did not wish to appeal. The court then granted appellant's

motion in arrest of judgment on the count of Kidnapping for Extortion and on two counts of Conspiracy.

On October 22, 1975, appellant filed a petition under the Post Conviction Hearing Act (PCHA),[1] alleging that he had been denied his right to effective assistance of counsel and his right to appeal. Counsel was appointed and on December 31, 1975, an amended petition was filed. A hearing was held on January 7, 1976.

At the hearing, appellant admitted that he had asked to represent himself at trial, but only because he had not seen an attorney prior to that time. Appellant also testified that he had withdrawn his motion for a new trial because his attorney had told him that by doing so he could avoid conviction of kidnapping and his sentence would thus be reduced.

The PCHA court held that appellant had voluntarily and intelligently waived his right to counsel and that he had voluntarily and intelligently waived his right to appeal. The court granted appellant the right to appeal the legality of the sentence and denied all other relief.

On appeal from the PCHA court's dismissal of his petition, appellant first contends that he was denied his right to counsel at trial. In order to be eligible for PCHA relief, appellant must prove that the issue entitling him to relief has not been finally litigated or waived. 19 P.S. § 1180–3(d). An issue is waived if the petitioner knowingly and understandingly failed to raise it on appeal, the issue could have been so raised, and the petitioner is unable to prove the existence of extraordinary circumstances justifying his failure to raise the issue. 19 P.S. § 1180–4(b).

There is no doubt that the denial of counsel could have been raised on direct appeal from appellant's judgment of sentence if appellant had included it as an issue in his post-trial motions. The Commonwealth contends that appellant voluntarily and intelligently withdrew his motion for a

1. Act of January 25, 1966, P.L. (1965) 1580, § 1 (19 P.S. § 1180–1 et seq. (Supp.1976–77)) *et seq.*

new trial at the argument on post-trial motions. It is indisputable that a defendant may waive his right to file post-trial motions. Pa.R.Crim.P. 1123(b). If he does so, he waives for purposes of appeal any issues which could have been included in the post-trial motions. Pa.R.Crim.P. 1123(b); *Commonwealth v. Ash*, 461 Pa. 670, 337 A.2d 821 (1975).

■ Fundamentally, a waiver will not be presumed from the uncounselled act of a defendant. *Commonwealth v. Fiero*, 462 Pa. 409, 341 A.2d 448 (1975). However, the lower court appointed counsel to assist appellant during trial, and counsel's assistance is evident throughout the record. At the conclusion of appellant's trial, the court informed him that he had the right to file post-trial motions, the right to file an appeal, and the right to the assistance of counsel. Appellant indicated that he wished to file post-trial motions, to appeal, and to have the assistance of counsel.

At the argument on post-trial motions, counsel engaged appellant in an on-the-record colloquy during which appellant was informed that he had the right to file post-trial motions and that he had the right to appeal. He was informed that he had the right to the assistance of counsel to perfect either or both of those actions. He was also informed of the maximum sentence which he could receive for the crimes of which he had been convicted. Appellant then stated that he did not wish to file a motion for a new trial.

■■ Appellant, the lower court, and the Commonwealth all characterize the above hearing as a plea bargain, and that characterization is not inaccurate. It appears that the Commonwealth, though believing that the evidence was sufficient to sustain all of the convictions, agreed not to oppose the motion in arrest of judgment if appellant agreed to forgo both his right to file motions for a new trial and to appeal. At the PCHA hearing, appellant stated that he had withdrawn his motion for a new trial to escape the possible

life sentence he risked on the kidnapping charge.[2] After the PCHA hearing, the lower court found that appellant had voluntarily and intelligently waived his right to file post-trial motions and to appeal. This conclusion is supported by the record. Therefore, we may not consider whether appellant was denied the right to counsel at trial.

The second issue raised on appeal from the PCHA court's order is that appellant was denied the effective assistance of counsel when counsel failed to object to the sentence.[3] Specifically, appellant contends that the convictions for Indecent Assault and Assault and Battery merge with the conviction for Assault with Intent to Ravish, and that the respective convictions for Conspiracy also merge. Therefore, appellant contends that counsel was ineffective in failing to raise this issue before the sentencing court. The issue of counsel's effectiveness is properly before us because the PCHA hearing was the first stage of the proceedings at which appellant was represented by new counsel. *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977).

It is well established that for two crimes to merge, one must "necessarily involve" the other. *Commonwealth ex rel. Moszczynski v. Ashe*, 343 Pa. 102, 21 A.2d 920 (1941); *Commonwealth v. Dockins*, 230 Pa.Super. 271, 326 A.2d 505 (1971).[4] It has oft been stated that in order for one crime necessarily to involve another, the essential elements of one must also be essential elements of the other. *Common-*

2. Neither appellant nor the Commonwealth raise the propriety of the procedure in the lower court as an issue on appeal. Therefore, we do not consider it. *Phillips Home Furnishings, Inc. v. Continental Bank*, 467 Pa. 43, 354 A.2d 542 (1976). However, *see Commonwealth v. Jackson*, 223 Pa.Super. 497, 501, 302 A.2d 420, 422 (1973): "[O]nly causes appearing on the face of the record or insufficiency of the evidence will justify a granting of a motion in arrest of judgment."

3. At the sentencing hearing, counsel officially entered an appearance for appellant.

4. In *Commonwealth v. Dockins*, we recognized that the doctrines of merger and lesser included offenses raise essentially the same inquiry. *See also Commonwealth v. Farmer*, 244 Pa.Super. 334, 368 A.2d 748 (1976); *Commonwealth v. Ackerman*, 239 Pa.Super. 187, 361 A.2d 746 (1976).

*wealth v. Farmer,* 244 Pa.Super. 334, 368 A.2d 748 (1976); *Commonwealth v. Ackerman,* 239 Pa.Super. 187, 361 A.2d 746 (1976); *Commonwealth v. Ruehling,* 232 Pa.Super. 378, 334 A.2d 702 (1975); *Commonwealth v. Dockins, supra.* A less mentioned and perhaps more obvious requirement is that the crime be part of the same transaction.

"The true test of whether one criminal offense has merged into another . . . is whether one crime *necessarily involves* another, as, for example, rape involves fornication, and robbery involves both assault and larceny. The 'same transaction' test is valid only when the 'transaction' means a *single act.* When the 'transaction' consists of two or more criminal acts, the fact that the two acts are 'successive' does not require the conclusion that they have merged. Two crimes *may be* successive steps in *one* crime and therefore merge, . . . or they may be two distinct crimes which do not merge." *Commonwealth ex rel. Moszczynski v. Ashe,* 343 Pa. 102, 104–05, 21 A.2d 920, 921 (1941) (emphasis in original).

*See also Commonwealth v. Taylor,* 193 Pa.Super. 386, 165 A.2d 134 (1960); *Commonwealth ex rel. Sawchak v. Ashe,* 169 Pa.Super. 529, 83 A.2d 497 (1951), *cert. denied,* 343 U.S. 980, 72 S.Ct. 1080, 96 L.Ed. 1371 (1952).

█ Thus, in order for two crimes to merge, they must be part of the same act. Without this requirement, that is, if the words "necessarily involve" did not include this idea, a defendant could never be sentenced for two counts of the same crime. "Separate and different acts of the same nature performed at different times generally constitute separate offenses." *Commonwealth ex rel. Moszczynski v. Ashe,* 343 Pa. at 106, 21 A.2d at 922, *quoting* 22 C.J.S. *Criminal Law* § 9. *See Commonwealth ex rel. Burge v. Ashe,* 168 Pa.Super. 271, 77 A.2d 725, *cert. denied,* 341 U.S. 928, 71 S.Ct. 795, 95 L.Ed. 1359 (1951).

█ In this case, the indictment charged and the evidence established three separate and distinct assaults. The Assault and Battery occurred when appellant leaped from the car and placed an object against the complainant's

neck. The Assault with Intent to Ravish occurred when Thomas Lutz forced the complainant into the rear seat of the automobile.[5] The Indecent Assault occurred when appellant placed his hands on the complainant's body against her will. None of these offenses necessarily involved the other. Each could have been and was committed in isolation. Appellant was charged with three separate offenses and a jury found him guilty. Therefore, the lower court did not err in sentencing him accordingly.

Because the issue which appellant contends should have been raised at the sentencing hearing is without merit, his counsel was not ineffective in failing to raise it. *Commonwealth v. Hubbard, supra.* The order of the lower court dismissing appellant's post-conviction petition is affirmed.

Because the PCHA court viewed the proceeding as a guilty plea, it reasoned that appellant was entitled to appeal the legality of the sentence. Appellant was never informed of this right. Therefore, the PCHA court granted appellant the right to appeal the legality of the sentence *nunc pro tunc.*

Appellant first argues that the sentence is manifestly excessive. Appellant was sentenced to imprisonment for no less than six years and eight months nor more than fifteen years. Although the maximum sentence which could have been imposed was fifteen years, sentencing is committed to the discretion of the trial judge. *Commonwealth v. Johnson,* 235 Pa.Super. 185, 340 A.2d 515 (1975). The sentence imposed does not exceed the statutory maximum. Therefore, this contention is without merit.

Appellant next contends that the lower court erred in failing to provide reasons for the sentence imposed, as recommended by the *American Bar Association Project on Minimum Standards for Criminal Justice, Standards Relating to Sentencing Alternatives and Procedures* (Approved

5. Appellant, of course, can be found guilty of the crimes of his co-conspirator. *Commonwealth v. Minor,* 227 Pa.Super. 343, 322 A.2d 717 (1974).

Draft, 1971). However, Pennsylvania has not adopted this recommendation as a matter of law. Furthermore, appellant did not request reasons at the time he was sentenced. *See Commonwealth v. Donnelly*, 233 Pa.Super. 396, 336 A.2d 632 (1975), *cert. denied*, 424 U.S. 974, 96 S.Ct. 1477, 47 L.Ed.2d 744 (1976).

 Appellant's third contention is that his Federal and State Constitutional rights against double jeopardy were violated when the lower court ordered his sentence to be served consecutively to a federal sentence imposed for the same conduct. Appellant never raised this issue in the lower court. It is thus waived. *See Commonwealth v. Donnelly, supra*. Furthermore, the contention has no substantive merit. *Abbate v. United States*, 359 U.S. 187, 79 S.Ct. 666, 3 L.Ed.2d 729 (1959); *Commonwealth v. Mills*, 447 Pa. 163, 286 A.2d 638 (1971).[6]

The judgment of sentence of the lower court is affirmed.

HOFFMAN, J., dissents.

SPAETH, J., files a dissenting opinion.

SPAETH, Judge, dissenting:

The least important part of the criminal law is the determination of guilt; the most important part is the formulation of a just sentence. The accuracy of this appraisal is shown by the fact that most criminal cases are disposed of on pleas of guilty; even in those that are tried, the factfinder (judge or jury) frequently has little trouble in deciding that the defendant is guilty. It is therefore "[a]mong the ironies of the law," *ABA Standards Relating to Appel-*

---

**6.** In *Commonwealth v. Mills*, 447 Pa. 163, 286 A.2d 638 (1971), the Pennsylvania Supreme Court recognized that principles of double jeopardy are not violated when two sovereigns impose separate punishments for the same conduct. However, under its supervisory powers, the court ruled that Pennsylvania courts would no longer entertain prosecutions based on criminal conduct for which a criminal sentence had already been imposed unless the interests to be served by the separate prosecutions were substantially different. Appellant's trial and sentence took place prior to the supreme court's edict in *Mills*. Therefore, he may not claim its benefit.

*late Review of Sentences* (Approved Draft, 1971), that typically the courts devote a great deal of attention to the determination of guilt, and almost none to the formulation of a just sentence.

The majority opinion, I regret to observe, illustrates this typical approach. Great care, manifested by the citation of many cases, is devoted to deciding whether appellant was properly found guilty. The majority then turns, on page 522 of its opinion, to appellant's argument that his sentence is manifestly excessive. This argument is disposed of summarily in two brief paragraphs that are not only not responsive but represent a misstatement of the law.

The first paragraph of the majority opinion's discussion of the sentence is as follows:

Appellant first argues that the sentence is manifestly excessive. Appellant was sentenced to imprisonment for no less than six years and eight months nor more than fifteen years. Although the maximum sentence which could have been imposed was fifteen years, sentencing is committed to the discretion of the trial judge. *Commonwealth v. Johnson*, 235 Pa.Super. 185, 340 A.2d 515 (1975). The sentence imposed does not exceed the statutory maximum. Therefore, this contention is without merit.

Majority Opinion 247 Pa.Super. at 522, 372 A.2d at 1212.

Appellant has never contended that his sentence exceeded the statutory maximum. If it had, the sentence would not have been illegal as "manifestly excessive" but illegal *per se.* No court has jurisdiction to impose a sentence beyond the statutory maximum for the crime committed.

The question that appellant has raised is whether the cumulative sentence imposed on him as a result of the charges arising out of the episode of April 28, 1966, was manifestly excessive in that it inflicted too severe a punishment. It is long-settled that when a defendant thus challenges his sentence, we must respond by reviewing the sentence. This obligation is imposed on us both by statute, Act of June 24, 1895, § 8, P.L. 212, *as amended by* Act of June 3, 1971, P.L. 122, No. 6, § 1 (§ 509(a)(33)), 17 P.S. § 192

(1976 Supp.) and by the cases. *Commonwealth v. Person*, 450 Pa. 1, 297 A.2d 460 (1972); *Commonwealth v. Green*, 396 Pa. 137, 151 A.2d 241 (1959); *Commonwealth v. Garramone*, 307 Pa. 507, 161 A. 733 (1932); *Commonwealth v. Johnson*, 235 Pa.Super. 185, 340 A.2d 515 (1975); *Commonwealth v. Warner*, 227 Pa.Super. 291, 324 A.2d 361 (1974); *Commonwealth v. Shoemaker*, 226 Pa.Super. 203, 313 A.2d 342 (1972); *Commonwealth v. Pouls*, 198 Pa.Super. 595, 182 A.2d 261 (1962); *Commonwealth v. Downer*, 161 Pa.Super. 339, 53 A.2d 897 (1947). In discharging our obligation of review our responsibility is to determine whether the sentencing judge in formulating the sentence exercised his discretion in a lawful manner. In *Commonwealth v. Martin*, 466 Pa. 118, 351 A.2d 650 (1976), the Supreme Court has defined the content of this standard:

> The sentence must be imposed for the minimum amount of confinement that is consistent with the protection of the public, the gravity of the offense, and the rehabilitative needs of the defendant. See 18 Pa.C.S. § 1321(b) (Supp.1975). At least two factors are crucial to such determination—the particular circumstances of the offense and the character of the defendant. Pa.R.Crim.P. 1403(a)(2) provides that all pre-sentence reports shall include such information. We hold that regardless whether a pre-sentence report is ordered, the sentencing court must at least consider these two factors in its sentencing determination. Failure to give such individualized consideration requires that these sentences be vacated.

*Id.* 466 Pa. at 133, 351 A.2d at 658.

*See also, Commonwealth v. Carmichael*, 468 Pa. 501, 364 A.2d 304 (1976).

Here the majority has abdicated its responsibility. It has made no effort at all to determine whether the sentencing judge exercised his discretion in a lawful manner.

The second paragraph of the majority opinion's discussion of the sentence is as follows:

> Appellant next contends that the lower court erred in failing to provide reasons for the sentence imposed, as

recommended by the *American Bar Association Project on Minimum Standards of Criminal Justice, Standards Relating to Sentencing Alternatives and Procedures* (Approved Draft, 1971). However, Pennsylvania has not adopted this recommendation as a matter of law. Furthermore, appellant did not request reasons at the time he was sentenced. *See Commonwealth v. Donnelly*, 233 Pa.Super. 396, 336 A.2d 632 (1975), *cert. denied*, 424 U.S. 974, 96 S.Ct. 1477, 47 L.Ed.2d 744 (1976).

Majority Opinion 247 Pa.Super. at 522, 372 A.2d at 1212.

This statement is quite erroneous. Contrary to the statement, Pennsylvania law does conform to the *ABA Standards*. The Sentencing Code specifies in meticulous detail the criteria that the sentencing judge must consider in formulating the sentence, Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1301 *et seq., as amended by* Act of Dec. 30, 1974, P.L. 1052, No. 345, § 1, 18 Pa.C.S. § 1301 *et seq.* (1976 Supp.); the appellate rules require that if the sentence is challenged on appeal, the sentencing judge must file a statement of his reasons for the sentence; * and it is settled by statute and

---

* Rule 46 of the Rules of the Superior Court of Pennsylvania provides:

 Immediately upon taking his appeal, appellant shall serve notice thereof on the opposite party or his counsel; and on the judge who entered the order, judgment or decree below; and also, if the official transcript of the evidence needed on the appeal has not been filed, on the stenographer who took it. If the appeal relates to any order, judgment or decree for which the reasons do not already appear of record, the judge below shall forthwith file of record a brief statement of the reasons therefor in the form of an opinion which shall be attached to the record and printed. Upon receipt of such notice, the official stenographer shall forthwith proceed to have his notes transcribed, approved and filed.

While the Superior Court Rules were abrogated by the Supreme Court effective July 1, 1976, the instant appeal was filed prior to that date.

The relevant portion of the Rules of Appellate Procedure, which replace the Superior Court Rules, is Rule 1925(a). That rule provides:

 (a) *General rule.* Upon receipt of the notice of appeal the judge who entered the order appealed from, if the reasons for the order do not already appear of record, shall forthwith file of record at least a brief statement, in the form of an opinion, of the reasons for the order, or for the rulings or other matters complained of, or

case law, as has just been discussed, that this court must then review that statement of reasons to determine whether it represents a lawful exercise of discretion.

Here, appellant fully complied with Rule 46 of the Superior Court Rules. He served notice on the sentencing judge of this appeal and specifically noted his argument that the sentence was manifestly excessive, and the sentencing judge's failure to give reasons for the sentence. The sentencing judge in his opinion noted these issues but specifically declined to give his reasons for the sentence. Memorandum for Appellate Court at 4. This was plain error.

I would remand for an opinion in conformance with Rule 46, for without such an opinion we are powerless to discharge our obligation to review appellant's argument that the sentence was excessive.

shall specify in writing the place in the record where such reasons may be found.

Rule 102 of the Rules of Appellate Procedure removes any doubt that this requirement applies to sentencing. That rule defines "order" to "include [ ] judgment, decision, decree, *sentence* and adjudication" (emphasis added).