## Soxman v. Goodge

*Roger Curran,* for plaintiffs.
*John W. Jordan IV,* for defendants.

WETTICK, *A.J.,* March 30, 1987—This is a professional negligence action against a chiropractic

clinic and three chiropractors. The clinic and two of the chiropractors filed a motion for leave to file an amended answer. By an order of court dated December 19, 1986, this court permitted the filing of defendants' proposed amended answer and new matter with the exception of two paragraphs within the proposed amendment that raise the defense that plaintiffs' claims are barred by two general releases which plaintiffs executed. Defendants have filed an appeal from this order of court. This memorandum opinion is filed pursuant to Pa.R.A.P. 1925.

This relevant portions of the releases which plaintiffs executed read as follows:

"That I, _____ have requested the release of X-rays which are part of the office records of _____ D.C., relating to my case, and I hereby acknowledge receipt of these X-ray films. In consideration of the foregoing, I hereby release and further discharge the aforesaid _____, D.C. from any and all responsibility or liability of any kind, nature or character whatsoever from the beginning of the world to this day. This transaction is consummated at my specific request."

A proposed amendment which fails to state a valid claim or defense shall not be permitted. *Tanner v. Allstate Insurance Company,* 321 Pa. Super. 132, 467 A.2d 1164 (1983). The releases which plaintiffs executed are unenforceable as a matter of law for several reasons.

First, they are not supported by consideration, 33 P.S. §6.

Second, they are inconsistent with public policy. See e.g., Regulations of the Board of Medical Education Governing Physician which include as unprofessional and immoral conduct the failure to make available to the patient, upon the patient's written request, the medical record relating to the

patient which is in the possession or the control of the physician, 49 Pa. Code §17.251(18).

Third, the releases are invalid under the case law that refuses to enforce contracts absolving parties from liability for the consequences of their negligent acts when there is a disparate bargaining power and the agreement does not represent a free choice on behalf of the party who absolved another from liability. *Phillips Home Furnishings Inc. v. Continental Bank,* 231 Pa. Super. 174, 331 A.2d 840 (1974), reversed on other grounds at 467 Pa. 43, 354 A.2d 542 (1976); *Leibowitz v. H. A. Winston Co.,* 342 Pa. Super. 456, 493 A.2d 111 (1985); *Ecksel v. Orleans Construction Co.,* 360 Pa. Super. 119, 519 A.2d 1021, 1025 (1987).

For these reasons, this court denied defendants' request to raise the defense that plaintiffs are barred from recovery by the releases which they executed.